T. F. Birch et al., Executors of Mary V. Taylor, Deceased, Appellants, v. Pittsburg, Cincinnati, Chicago and St. Louis Railway.

[Marked to be reported.]

*Negligence—Actions—Parties—Survival of action—Death—Acts of April 15, 1851, and April 26, 1855.*

Under the act of April 15, 1851, P. L. 674, where a person institutes an action to recover damages for personal injuries caused by the negligence of defendant, but dies before the case is called for trial, the executors or administrators of the deceased may be substituted as plaintiffs, and prosecute the suit to final judgment and satisfaction.

The right of action for death given by § 19 of the act of April 15, 1851, P. L. 674, as amended by § 1 of the act of April 26, 1855, is conditioned upon the two concurring facts (1) that the injured party's death was occasioned by violence or negligence, and (2) that no suit for damages had been brought by him.

The only purpose of the act of 1855, was to designate the persons who, in connection with the widow, and in lieu of " the personal representatives " should thereafter be entitled to exercise the statutory right of action, and recover damages for the death. In other respects the act of April 26, 1855, did not either expressly or by implication repeal or modify the act of April 15, 1851.

Argued Oct. 18, 1894. Appeal, No. 302, Oct. T., 1894, by plaintiffs, from judgment of C. P. Washington Co., Nov. T., 1892, No. 58, on demurrer in favor of defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for negligence.

Plaintiffs' amended statement was as follows:

" T. F. Birch and J. W. Rowland, executors of the last will and testament of Mary V. Taylor, deceased,—substituted by leave of the court under the provisions of the 18th section of the act of April 15, 1851, as plaintiffs herein in place of the said Mary V. Taylor, by whom this action of trespass was brought in her lifetime against the Pittsburg, Cincinnati, Chicago and St. Louis Railway Company, to recover damages for injuries sustained by her through the negligence of the said Pittsburg, Cincinnati, Chicago and St. Louis Railway Com-

pany—by their attorney, T. F. Birch, complain of the said Pittsburg, Cincinnati, Chicago and St. Louis Railway Company, defendant in this case, which has been summoned to answer the said plaintiffs in an action of trespass:

" For that whereas the defendant company, before and at the time of the committing of the grievances hereinafter mentioned, to wit, on the 29th day of June, 1892, was engaged in the operating of a certain railroad for carriage and conveyance of passengers between Pittsburg, Penna., and Washington, in the county of Washington and state of Pennsylvania, for hire and reward, and whilst so operating its certain railroad, to wit, on the 29th day of June, 1892, Mary V. Taylor was a passenger for a certain fare and reward to the said defendant company, paid by the said Mary V. Taylor, in a certain passenger railway car of the defendant company running upon the line operated by the defendant company, between Pittsburg, Penna., and Washington, in the county aforesaid, the car and train being the property of and operated by the said company; thereupon the said defendant company undertook to safely carry the said Mary V. Taylor for hire to her destination at Washington, Penna. Nevertheless, the said defendant company, its duty in this respect wholly disregarding and neglecting, so carelessly and negligently operated the said car and train that as the same was leaving Chestnut Street station on its way to Main Street station on the line of its said railroad, to wit, at the county aforesaid, the said car upon which the said Mary V. Taylor was a passenger, by reason of its negligence was allowed to be run into and collide with another car belonging to the said defendant company. By reason of the said collision due to the negligence and carelessness of the defendant company, and the total disregard of its duty to safely carry the said Mary V. Taylor for hire as aforesaid, the said Mary V. Taylor was suddenly and violently thrown from her seat in the said car to the floor, by reason whereof she was injured in her spine and back, and thereby then and there became and was sick, sore, lame and disordered, and so remained and continued for a long space of time, to wit, up to the date of her death which occurred on the 28th day of March, 1893, and was caused by and the result of the injuries she received upon the said 29th day of June, 1892; during all of which

time, to wit, from the date of her injury on the 29th day of June, 1892, to the date of her death on the 28th day of March, 1893, she, the said Mary V. Taylor, suffered and underwent great pain and was thereby then and there hindered and prevented from performing and transacting her lawful affairs or business by her during that time to be performed and transacted ; and also by means of the premises, she, the said Mary V. Taylor, was thereby then and there put to great expense, costs and charges, in the whole amounting to a large sum of money, to wit, to the sum of five thousand dollars, in and about endeavoring to be cured of the said wounds, sickness, lameness and disorders, so occasioned as aforesaid, and was by means of the premises otherwise greatly injured and damaged.    To the damage of the said Mary V. Taylor in the sum of fifty thousand dollars."

Defendant demurred as follows :

" And now, September 22, 1894, the said defendant, by Todd & Wiley, its attorneys, comes and says that the statement is not sufficient in law to maintain the plaintiffs' action, and it demurs thereto for the reason that the said statement discloses the fact that the said Mary V. Taylor died as a result of the injuries averred or alleged to have been sustained at or on the 29th of June, 1892, and avers the said death to have been caused by and the result of the alleged negligence of the defendant, and that under the facts so stated, and there being no allegation that there are no minor children, the right of action did not survive to the plaintiffs, executors of the said Mary V. Taylor, but that damages for any injury causing death shall belong to the husband, widow, children or parent of the deceased and to no other relative."

The court sustained the demurrer, and entered judgment for defendant.

*Error assigned* was entry of judgment as above.

*S. D. Mitchell, J. W. Donnan* and *T. F. Birch* with him, for appellants.—Executors and administrators are representatives of the temporal property, that is, the debts and goods of the deceased, but not of their wrongs, except where those wrongs operate to the temporal injury of their personal estate : Chamberlain v. Williams, 1 M. & S. 415.

In the early stages of our law all rights of action for wrongs done, not breaches of contract, died with the injured person : R. R. v. McCloskey, 23 Pa. 530; Ins. Co. v. Brame, 95 U. S. 754 ; Ins. Co. v. R. R., 25 Conn. 265.

But a different rule applies where the injury, although from one point of view a tort, is a breach of contract, and it has been held that in such case the right of action survives to the personal representatives because the injured party had in his lifetime an election to sue in tort or to waive the tort and to sue in assumpsit: Knight v. Quarles, 2 Br. & B. 102 ; Bradshaw v. R. R., L. R. 10 C. P. 189; Leggott v. Ry., L. R. 1 Q. B. D. 599.

In England a change in the common law was effected in 1846, by St. 9 and 10 Vict., c. 93, commonly called Lord Campbell's act, which gave to relatives of the injured an action for death, and in Pennsylvania an innovation in the law was made by the act April 15, 1851, §§ 18, 19; R. R. v. McCloskey, 23 Pa. 530 ; Coakley v. R. R., 5 Clark, 444.

In the Bradshaw and Leggott cases it was decided that an action for death, given by Lord Campbell's act, was no bar to an action for breach of the contract of safe carriage.

The mere reading of the act of 1851 shows that § 18 created no new right of action ; it was intended to regulate an existent common law right of action, by securing to it survivorship; but § 19 was creative of a new cause of action, wholly unknown to the common law : Fink v. Garman, 40 Pa. 103 ; R. R. v. Zebe, 33 Pa. 329.

Speaking of § 19 of the act of 1851, and § 1 of act of 1855, Mr. Justice THOMPSON said: The former gives the right of action, and the latter defines who may sue: North Pa. R. R. v. Robinson, 44 Pa. 178.    See also R. R. v. Adams, 55 Pa. 501; R. R. v. Zebe, 33 Pa. 328.

The enforcement of the new right of action for the death is entirely dependent upon the fact that " no suit be brought by the party injured ; " and the inference is irresistible that if the injured party does sue for damages for personal injuries the new right of action, given by the act of 1851, can never be invoked, but the first suit can be prosecuted to satisfaction by the substituted personal representatives : R. R. v. Decker, 84 Pa. 426.

An act of assembly will not be construed to repeal by impli

cation an express enactment, unless there be a clear and strong inconsistency between them : Street v. Com., 6 W. & S. 209; Erie v. Bootz, 72 Pa. 199; Raudenbaugh v. Shelley, 6 Ohio St. 307.

*A. M. Todd, James A. Wiley* with him, for appellee.—At common law where death resulted from the wrongful act of another, whether from violence or negligence, no civil action could be maintained against the wrongdoer, either by the personal representatives or relatives of the deceased. And if suit had been commenced before the death of the party injured, it died with him and could not be carried on by his personal representatives : Coakley v. R. R., 5 Clark, 446 ; Ins. Co. v. Brame, 95 U. S. 754 ; Iron Co. v. Rupp, 100 Pa. 98 ; Wilbur v. Gilmore, 21 Pick. 252 ; Pitts v. Hale, 3 Mass. 321 ; Jones v. Hoar, 5 Pick. 285.

The rule as to the measure of damages under the act of 1851, was laid down by Mr. Justice LOWRIE in R. R. v. McCloskey's Admr., 23 Pa. 526, to be, that they should be estimated according to the value of the life lost, taking into consideration the probable accumulations of a man of the age, habits, health and pursuits of the deceased during what would probably have been his lifetime.

Under the act of 1855, the measure of damages in an action brought by the children, as declared in R. R. v. Butler, 57 Pa. 338, would seem to be what the deceased would probably have earned by his intellectual or bodily labor in his business or profession during the residue of his lifetime, and which would have gone for the benefit of his children, taking into consideration his age, ability, disposition to labor and habits of living and expenditure.

If this action does not abate, and the executors here and the children in the other action are permitted to prosecute the respective suits and to recover therein against defendant, it is manifest defendant may be constrained to pay damages in two separate actions for identically the same injury.

The act of 1855 contains no repealing clause and repeals by implication are not favored by the courts. The two acts have been almost uniformly construed together : R. R. v. Zebe, 33 Pa. 328; Coakley v. R. R., 5 Clark, 444; R. R. v. Robinson,

44 Pa. 175; R. R. v. Adams, 55 Pa. 501; Fink v. Garman, 40 Pa. 103; R. R. v. Decker, 84 Pa. 419; Books v. Boro., 95 Pa. 158.

A proper interpretation of the two acts would be to hold that § 18 of the act of 1851 is intended to prevent the abatement of actions brought to recover damages for injuries to the person by negligence and default not resulting in death. If however death results from the injuries sustained, then the right of action survives under § 19 of the act of 1851, as amended by the act of 1855, to the husband, widow, children or parents of the deceased.

The pleadings in this case negative the idea that damages can be recovered here for a breach of contract for safe carriage. If any right of recovery exists, on account of breach of contract, it should be asserted in a new action of assumpsit.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 7, 1895:

This action of trespass was brought by Mrs. Mary V. Taylor in August, 1892, to recover damages for personal injuries suffered by reason of the negligence of defendant company's employees while she was a passenger on one of its trains.

On March 28, 1893, after the cause was at issue but before trial, she died, and, on August 30th following, her executors above named were substituted as plaintiffs. By leave of court they filed an amended statement, to which defendant company demurred, "for the reason that said statement discloses the fact that the said Mary V. Taylor died as a result of the injuries averred or alleged to have been sustained at or on the 29th of June, 1892, and avers the said death to have been caused by and the result of the alleged negligence of the defendant, and that under the facts so stated, and there being no allegation that there are no minor children, the right of action did not survive to the plaintiffs, executors of the said Mary V. Taylor, but that damages for any injury causing death shall belong to the husband, widow, children or parent of the deceased and to no other relative." The court holding "that the admission of the plaintiffs, that the negligence of the defendant company was the cause of Mrs. Taylor's death, is fatal to their claim, and that the children and not the executors of deceased can alone maintain an action against the defendant company for

the injury complained of," gave judgment on the demurrer for the defendant; and hence this appeal.

While the precise question thus presented by the record does not appear to have been expressly decided by this court, its solution must, of course, be found in a proper construction of our acts of April 15, 1851, P. L. 674, and April 26, 1855, P. L. 309, changing the common law in actions for injuries to the person by negligence or default, etc.

Section 18 of the former act declares : " No action hereafter brought to recover damages for injuries to the person by negligence or default shall abate by reason of the death of the plaintiff; but the personal representatives of the deceased may be substituted as plaintiffs and prosecute the suit to final judgment and satisfaction." This is predicated not only of a previously existing right of action in the injured party, but also of the fact that he availed himself of that right by bringing suit in his lifetime, as did the plaintiff in this case; and its purpose was to obviate the effect of the general maxim, "*Actio personalis moritur cum persona,*" by authorizing substitution of the deceased plaintiff's personal representatives, and prosecution of the action by them in same manner as he himself could have done if living.

The next section provides : " Whenever death shall be occasioned by unlawful violence or negligence and no suit for damages be brought by the party injured, during his or her life, the widow of any such deceased, or if there be no widow the personal representatives may maintain an action for and recover damages for the death thus occasioned." Recognizing the living injured party's common law right of action for damages, etc., this section—in the circumstances therein specified—gives a new right of action for same unlawful violence or negligence, and declares by whom it shall be exercised. It is given only in cases where the injured party's death has been " occasioned by unlawful violence or negligence and no suit for damages " has been brought by him in his lifetime, and is to be exercised first by his widow, and if there be no widow then by his personal representatives. As was well said by Mr. Justice WOODWARD in Fink v. Garman, 40 Pa. 103 : " The 18th section was apparently intended to regulate a common law right of action by securing to it survivorship; but the 19th section was creative

of a new cause of action, wholly unknown to the common law. And the right of action was not given to the person suffering the injury, since no man could sue for his own death, but to his widow or personal representatives. It was quite competent for the legislature to alter the common law in this regard. They did so by giving parties a right of action who had none before."

While grounded on the same "unlawful violence or negligence" for which the injured party had a common law right of action in his lifetime, the statutory right, given by the 19th section, is conditioned upon the concurring facts, that the injured party's death was occasioned by said violence or negligence, and that no suit for damages was brought by him. The first section of act of 1855 was not intended to dispense with either of said conditions. It merely designates the persons who, in connection with the widow, and in lieu of "the personal representatives," shall thereafter be entitled to exercise the statutory right of action, and recover damages for the death, etc. In other respects, there does not appear to be any express or implied repeal or modification of the 18th and 19th sections of the act of 1851. In Railroad Co. v. Decker, 84 Pa. 419, 425, referring to the provisions of the act of 1855, it was said: "Instead of confining the right of action to the widow and personal representatives, it designates four separate parties, to one of whom, according to the circumstances of each case, the right of action is given. If the deceased leaves a husband, he alone is clothed with the right of action; if the wife is the survivor she is entitled to bring suit. If there be neither surviving husband nor widow, the right of action is given to the children, and if there be neither husband, nor widow nor children surviving, it is given to the parents of the deceased. But, while the right of action is given, according to the circumstances of each case, to one of the four designated parties, it is clear, from the wording of the act, that the entire sum recovered is not always to be retained by the plaintiff in his or her own right. It is to be distributed among the relatives named in the proportion they would be entitled to take the personal property of the deceased in case of intestacy; and to the end that it may appear who are entitled to participate in the damages recovered, it is required that the declaration shall state who they are."

The acts above referred to were followed by the constitutional provision declaring: "No act of the general assembly shall limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property; and, in case of death from such injuries, the right of action shall survive, and the general assembly shall prescribe for whose benefit such action shall be prosecuted:" Art. 3, sec. 12. As we have seen, some of these matters had already been provided for long before the adoption of the constitution in 1874, and remain unchanged.

It follows from what has been said, that the substitution of Mrs. Taylor's executors as plaintiffs, in the action commenced by her, was fully authorized, and they should be permitted to prosecute the same to final judgment and satisfaction, notwithstanding the fact, averred in their amended statement, that her death was occasioned by the defendant company's negligence. In the circumstances, their substitution was clearly warranted by the 18th section of the act of 1851.

Judgment reversed and a procedendo awarded.