Estate of Mary V. Taylor, deceased.    Appeal of T. F. Birch and J. W. Rowland, Guardians of the minor children of Mary V. Taylor, deceased.

*Negligence—Death—Right of action—Acts of April 15, 1851 and April 26, 1855.*

The eighteenth section of the act of April 15, 1851, P. L. 674, was neither repealed nor modified by the act of April 26, 1855, P. L. 309, and an action instituted to recover damages for personal injuries caused by negligence on the part of the defendant survives the injured party, and can be prosecuted to final judgment and satisfaction by the personal representative of the deceased plaintiff.

The right of action for the death of a person injured by negligence or violence of another, given by the nineteenth section of the act of April 15, 1851, is conditioned upon two concurrent facts, (1) that the injured party's death was occasioned by violence or negligence, and (2) that no suit had been brought by the party injured to recover damages in his lifetime : Birch v. Pittsburgh, C., C. & St. L. R. R., 165 Pa. 339. followed.

*Negligence—Death—Right of action—Guardian and ward.*

A widow having children brought an action against a railroad company to recover damages for personal injuries.   Pending the action she died, and her administrators were substituted as plaintiffs.   Before the case was reached for trial the railroad company made an offer to compromise, which was accepted by the administrators with the assent of all parties interested. Prior to the decision of Birch's Appeal, 165 Pa. 339, the guardians of the deceased's children had brought an action against the railroad company on behalf of their wards, claiming the right to recover, notwithstanding the other action.   The railroad company insisted on the disposition of both actions, and the guardians accordingly joined the administrators in releasing the company from all further liability.   They did not receive anything in consideration of their release, and no attempt was made to compromise with them.   *Held,* that the guardians had no right to any portion of the fund paid by the railroad company to the administrators until the deceased's debts were paid, and the administrators had made final settlement of the estate.

Argued Oct. 21, 1896.   Appeal, No. 188, Oct. T., 1896, by T. F. Birch and J. W. Rowland, guardians, from decree of O. C. Washington Co., Feb. T., 1895, No. 50, overruling exceptions to auditor's report.   Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Exceptions to report of A. M. Todd, Esq., auditor.   Before TAYLOR, J.

The auditor found the facts to be as follows:

The account of the executor shows a balance due him of $1,269.25, and by note "A" appended thereto he acknowledges to have in his hands the sum of $5,234 as the net proceeds of a compromise of two suits brought against the P., C., C. & St. L. Railway Company for the purpose of recovering damages on account of the injury sustained by this decedent and her subsequent death at the hands of said company. The exceptions related entirely to the question as to whether or not the executor should have charged himself with this amount, it being agreed at the hearing before the auditor that any exception looking to a surcharge of a larger amount than this net balance of $5,234 would be waived by the exceptants, and the question for the determination of the auditor reduced to the refusal of the exceptions or sustaining them simply as to a surcharge to that extent.

Mary V. Taylor, the decedent, was injured upon the road of the Pittsburg, Cincinnati, Chicago & St. Louis Railway Company on June 29, 1892. On August 25, 1892, she brought an action of trespass against said company to recover compensation for the injuries alleged to have been sustained by her on account of said accident. She died March 29, 1893, leaving surviving her three minor children, to wit: Mary V. Taylor, George A. Taylor and Edith O. Taylor. By her last will and testament T. F. Birch, Esq., the accountant, and J. W. Rowland were appointed the executors of her estate, and these same gentlemen were also appointed by this court as the guardians of the above-named children. After her death the above-named executors had the same suggested upon the record, and themselves substituted as plaintiffs in the action brought by her; and on February 3, 1894, Birch and Rowland, as guardians of the above-named minor children, brought a second action of trespass against the said railway company to recover damages on account of the death of Mrs. Taylor. The action brought by Mrs. Taylor was to No. 58 of November term, 1892; and the action subsequently brought by the guardians of her minor children was to No. 196, February term, 1894. After the substitution of the executors as plaintiffs in the suit brought by Mrs. Taylor, an amended statement was filed by them which alleged that her death was caused by and the result of the injuries she received

on the said 29th day of June, 1892.    To this statement a demurrer was filed by the defendant company upon the ground that the right of action did not survive the plaintiff. · The court of common pleas of Washington county sustained the demurrer so filed, and an appeal was taken by the plaintiffs to the Supreme Court of the state, which reversed the court below, and held that " The right of action for death given by section 19, of the act of April 15, 1851, as amended by section 1 of the act of April 26, 1855, is conditioned upon the concurring facts, that the injured party's death was occasioned by said violence or negligence, and that no suit for damages was brought by him.    The first section of the act of 1855 was not intended to dispense with either of said conditions.    It merely designates the persons who, in connection with the widow, and in lieu of the personal representatives, shall thereafter be entitled to exercise the statutory right of action, and recover damages for the death.    In other respects, there does not appear to be any express or implied repeal or modification of the 18th and 19th sections of the act of 1851."

The question raised before the Supreme Court in the above case, which is reported in 165 Pa. 339, was, whether this suit brought by Mrs. Taylor during her lifetime abated at her death, or was continued for the benefit of her estate ; and whether the railway company was liable in that action under the provisions of the act of April 15, 1851, and also liable in the subsequent action brought by the guardians under the provisions of section 19 of said act, and the act of April 26, 1855.    In the opinion of the auditor the conclusion reached by the Supreme Court is that the company continued liable under the original suit brought by Mrs. Taylor during her lifetime, and that the suit brought by the guardians of her minor children after her death was improvidently brought, and no recovery could be had thereon.

After the rendition of the decision in the above case a compromise was reached between Birch and Rowland, as executors of Mary V. Taylor, deceased, and as guardians of her minor children, by which the defendant company paid to them the sum of $7,500 in full satisfaction of all claims for damages on account of her injury and death, and it is the balance of this sum, after the deduction of attorney's fees, costs and expenses, which the accountant says is in his hands, and which he says he is advised

" should be retained by T. F. Birch and J. W. Rowland as guardians of Mary V., George A. and Olive E. Taylor, minor children of the decedent."

The auditor is of the opinion that the decision of the Supreme Court not only reinstated the original suit brought by Mary V. Taylor during her lifetime, but in effect nullified the second action brought by Birch and Rowland as the guardians of her minor children, and that the entire sum paid by the railway company in compromise and settlement of these suits in reality passed into the hands of Birch and Rowland as executors, and formed part of her estate in their hands liable to all the claims of creditors thereon. He has, therefore, sustained the exceptions and surcharged the accountant with the sum of $5,234.

Exceptions to auditor's report were overruled. The guardians appealed.

*Errors assigned* were in overruling exceptions to auditor's report.

*T. F. Birch*, for appellants.—The 18th section of the act of 1851 gave no new cause of action, but section 19 gives a new right and a new cause of action, and declares by whom it shall be exercised, while the act of April 26, 1855, gives a new cause of action, but limits the right therefor to the husband, widow, children or parents of the deceased and no other: Mann v. Wieand, 81* Pa. 256; Penna. R. R. v. Adams, 55 Pa. 501.

The action brought by the children of Mrs. Taylor after her decease, both cause and right thereof, was created by the act of April 26, 1855. It never existed in favor of Mrs. Taylor, nor during her life did it exist against the railway company, and the rule as to the measure of damages is essentially different: R. R. v. McCloskey's Admr., 23 Pa. 526; R. R. v. Butler, 57 Pa. 338; R. R. v. Robinson, 44 Pa. 178; Kerr v. Penna. R. R., 169 Pa. 95; Schnatz v. R. R., 160 Pa. 602; Lehigh Iron Co. v. Rupp, 100 Pa. 95; Birch v. Pittsburg, C., C. & St. L. R. R., 165 Pa. 339; Act of April 15, 1851, P. L. 674; Veon v. Creaton, 138 Pa. 48.

*T. Jeff. Duncan*, for *G. B. Stillman* and *Jos. Horne & Co.*, appellees.—At common law there was no right of action for the

collection of damages as a consequence of the death of one person occasioned by the unlawful violence or negligence of another. Such right is exclusively statutory, and in Pennsylvania was created by passage of section 19 of the act of assembly of April 15, 1851. It was limited by the act of April 26, 1855, and exists now only on the terms and conditions provided in these two statutes: Lehigh Iron Co. v. Rupp, 100 Pa. 98; Field's Law of Damages, 49; 2 Sedgwick on Meas. of Damages, 533; Act of 1851, P. L. 674, sec. 19; Act of 1855, sec. 1, P. L. 309.

The executors had no right to originate a new suit after testatrix's death. Their powers in this matter were limited to the prosecution of the suit begun by her, and for the same purposes: Fink v. Garman, 40 Pa. 103; Books v. Borough of Danville, 95 Pa. 165; Usher v. W. J. R. R., 126 Pa. 212.

The case of Mann v. Wieand 81* Pa. 256; Penna. R. R. v. Adams, 55 Pa. 501; R. R. v. McCloskey's Admr., 23 Pa. 526; R. R. v. Butler, 57 Pa. 338; R. R. Co. v. Robinson, 44 Pa. 178; Kerr v. Penna. R. R. Co., 169 Pa. 95; and Schnatz v. R. R., 160 Pa. 602, cited by appellants do not bear on this question, or any other important question involved in the present issue. In no one of them had an action been commenced by the person injured or in his lifetime on account of the injury which culminated in his death. This was done by Mrs. Taylor.

The acts of 1851 and 1855 are not in conflict with the 21st section of article 3 of the present constitution of Penna. and are still the law of the state on this subject: Books v. Borough of Danville, 95 Pa. 165; Birch v. Ry. Co., 175 Pa. 339.

*S. Duffield Mitchell,* for *T. Mellon & Sons,* appellees.

OPINION BY MR. JUSTICE WILLIAMS, January 4, 1897:

This appeal from the orphans' court brings up the same question that was considered and decided on an appeal from the court of common pleas of Washington county by the same appellants and reported in 165 Pa. 339. We there held that the eighteenth section of the act of April 15, 1851, P. L. 674, was neither repealed nor modified by the act of April 26, 1855, P. L. 309; and that an action instituted to recover damages for personal injuries caused by negligence on the part of the defendant survived the injured party, and could be prosecuted to final judg-

ment and satisfaction by the personal representative of the deceased plaintiff. It was also held in the same case that the right of action for the death of a person injured by negligence or violence of another, given by the nineteenth section of the same act was conditioned upon two concurring facts; first that the death of the injured person resulted from the violence or negligence complained of; and second, that no suit had been brought by the party injured to recover damages in his lifetime. That case disposes of this appeal so far as the main question is concerned. Mrs. Taylor was injured in a railroad accident in June, 1892. Some time after she brought an action against the railroad company to recover damages for the injury she had received. Pending this action she died in March, 1893. Her administrators were duly substituted as plaintiffs, and proceeded with the action, but before it was reached for trial the defendant made an offer to compromise, which was accepted by the administrators with the assent of all parties interested in the prosecution of the claim. The sum of $7,500 was the amount agreed upon to be paid and received in full satisfaction of the plaintiff's demand. Prior to the decision of Birch's Appeal, 165 Pa. 339, the guardians of Mrs. Taylor's children had brought an action against the railroad company on behalf of their wards claiming the right to recover, notwithstanding the action brought by Mrs. Taylor herself to which her administrators had succeeded. The decision in Birch's Appeal was fatal to this contention, and determined that under the act of 1851, as also under that of 1855, the company was liable to but one action for the recovery of damages for the same injury to the same person. The action begun by the injured person having survived her, and the right to prosecute the same to "final judgment and satisfaction" having been vested in her administrators, the damages suffered as the result of the injury were recoverable in that action and in that alone. The railroad company, however, insisted on the disposition of all pending actions against it on account of the injury received by Mrs. Taylor, and the guardians accordingly joined the administrators in releasing the company from all further liability. As they had no claim to release, their joinder was a matter of form merely. It was superfluous. No right of action in them was extinguished by it, and it was perfectly clear that no interest, several or undi-

vided, in the money paid to the administrators was acquired because of it.  But it is suggested that their joining in the release at the request of the railroad company may be treated as the compromise of a doubtful claim, and that on this ground some part of the money paid should be awarded to them. There is however no evidence tending to show a settlement with the guardians, or the payment to them of a price in consideration of their release.  They joined in the release to enable the administrators to conclude a settlement, and they well knew at the time that they had no valid demand against the company.  It had been so held in Birch's Appeal already referred to, and the testimony shows that no attempt was made to compromise with them.  It will be unfortunate for the wards of the appellants if creditors shall absorb the estate of Mrs. Taylor, their mother, but under the acts of 1851 and 1855 the money received by the administrators in settlement of their action is assets for which they must account on final settlement.

The assignments of error are overruled, and the judgment or decree appealed from is affirmed.