Opinion by
Head, J.,
On May 16, 1908, the plaintiff’s decedent, while crossing or attempting to cross a public highway, was run over by the defendant’s automobile and injured thereby. On January 14,1909, he began this action to recover damages. On January 19, 1909, while his action was pending but before it could be tried, the injured party died. The testimony is absolutely silent as to the cause of his death and discloses no connection whatever between that event and the injuries he had sustained some nine months earlier. His personal representatives were substituted as parties plaintiff and the cause proceeded to trial. The learned trial judge, in a careful charge, submitted the questions of the defendant’s negligence and the decedent’s contributory negligence to the jury. A verdict for the plaintiffs and judgment thereon followed and the defendant appeals.
He rests his claim for a reversal of the judgment on two propositions, (a) there was no sufficient evidence of the defendant’s negligence to warrant a submission of that question to the jury; (b) upon the state of facts already indicated the action abated with the death of the plaintiffs’ decedent and no right to maintain it existed in his personal representatives.
1. The determination of the first of these two questions involves a careful examination and consideration of the whole of the testimony. That consideration it has received, with the result that all of the judges who heard the case are of opinion there was evidence of the defendant’s negligence which required the submission of that question to the jury; and which, having been accepted by that body, will support a verdict which establishes that the defendant was negligently operating his car and the deceased was free from contributory negligence. We see no good reason for prolonging our opinion by a detailed reproduction and analysis of the evidence contained in the record which led the learned trial judge and this court as well to the conclusion stated. That the testimony, on the question of the speed of the defendant’s automobile *535 at the time and place of the accident, was conflicting is a matter with which we have no concern. The defendant’s contention that his car was running slowly and that the injured man either walked immediately in front of it or slipped and fell there was fairly submitted to the jury with the result already indicated. We therefore dismiss the first contention of the appellant.
2. The second proposition, involving, as it does, a legal question of importance in the general administration of the law, invites and should receive a more elaborate discussion. It cannot be doubted that the plaintiffs’ decedent could, at the common law, have instituted and maintained an action against the defendant for the recovery of damages for the injuries he had sustained through the defendant’s negligence. It is equally true that such action would have abated with the death of the decedent, and no right would survive to his personal representatives to maintain it. But in Pennsylvania we long since departed from that ancient maxim of the common law which abated personal actions on the death of one of the parties. Generally speaking — passing by for the present the few specific exceptions to the rule — it may now be said that in this state the old maxim no longer obtains and that personal actions, where the right had accrued to a party in his lifetime, no longer abate by reason of his death but survive to his personal representatives or other persons nominated by the legislature in the various statutes on the subject.
Section 18 of the Act of April 15, 1851, P. L. 669, provides: “That no action hereafter brought to recover damages for injuries to the person by negligence or default, shall abate by reason of the death of the plaintiff; but the personal representatives of the deceased may be substituted as plaintiff, and prosecute the suit to final judgment and satisfaction.” Here then the legislature seems to have declared, in language so plain that its meaning can scarce be misunderstood, that the right of action which arose in favor of the plaintiffs’ decedent should not abate by his subsequent death but might be prosecuted *536 by his personal representatives. In other words, the legislature, in the section of the statute quoted, has authorized the very procedure which obtained in the present action. The able counsel for appellant frankly concedes that if the section of the statute quoted^ be read by itself, no other conclusion could follow in the present case than that already indicated. But, he argues, sec. 18, just quoted, must be read with sec. 19 following, and when both are properly construed and interpreted, the result must follow that the action, contemplated by sec. 18 which should survive the death of the injured party, was one where and only where the death of that party, referred to in the section, is shown by evidence to have been the result of or caused by the negligent act.
It is certainly true that in arriving at the real legislative intent in the enactment of any statute, the whole of the statute must be considered. Every part of it must be read and interpreted in the light of every other part, to the end, however, that the whole of it may be operative and that the general object in view may be effectuated. What is there in sec. 19 which requires us to give some other meaning to the language of sec. 18 than would fairly be ascribed to it when read by itself?
At the common law, the death of a human being, even when brought about by the negligent act of another, conferred no right of action for damages on the surviving family of the deceased or any other person against the wrongdoer. The 19th section of the act of 1851 does confer such right where the conditions mentioned in it coexist. These are (a) the death shall have been occasioned by unlawful violence or negligence, (b) that no suit for damages had been brought by the injured party during his or her life. These two conditions coexisting, a right of action is conferred where none before existed. But unless both of the conditions stated concur, that section becomes inoperative.
It thus appears from the plain language of these two sections that there is no conflict whatever between them; *537 that in each the legislature was considering different conditions. There is no reason therefore why there should be found any inconsistency or repugnancy in the two sections, or why, reading them together, and interpreting each in the light of both, we should reach any different conclusion, as to the legislative intent, from that which would naturally arise did we read each section separately.
In sec. 18 the legislature'was dealing with the situation that arose where one had received personal injuries through the negligent act of another; had brought suit to recover damages therefor, and died before his case could be tried. Under those circumstances it was declared the action should survive to his personal representatives and could be properly prosecuted by them. The effect of this was merely to bring actions for personal injuries, in cases where the right existed at common law, into harmony with all other personal actions as to which the common-law maxim had long since been abrogated. In sec. 19 an entirely different set of conditions was in the legislative mind. Death might be the immediate and direct consequence of the negligent act. In such case, of course, no right of action ever vested in the injured party. At common law none would have existed in any other person. It was competent for the legislature, in such case, to confer a right of action upon the surviving widow, children, or both, as might be deemed most expedient. In such a case sec. 19 would become operative, but there would be nothing under such conditions to in any way render obscure or doubtful the meaning of the language of sec. 18 in a case covered by its provisions. So again, the death of the injured party might not immediately follow the negligent act, although caused by it, and no action may have been brought by the injured party in his or her lifetime. This would be the remaining contingency contemplated by sec. 19.
That the subject-matter of the two sections was not identical; that both cannot be operative at the same time; *538 that the application of the one or the other is controlled by the conditions that are present, and that, given the necessary conditions, either section may operate without regard to the other, are propositions supported by a long line of cases: Penna. R. R. Co. v. McCloskey, 23 Pa. 526; Fink v. Garman, 40 Pa. 95; Penna. R. R. Co. v. Henderson, 51 Pa. 315; Birch v. Ry. Co., 165 Pa. 339; Black v. B. & O. R. R. Co., 224 Pa. 519; Smith v. Lehigh Valley R. R. Co., 232 Pa. 456.
There is therefore nothing in the fact that the legislature enacted the nineteenth section, nor in the language in which it is expressed, as interpreted in the many decisions cited, which requires or permits us to read into the eighteenth section that the intervening death of the plaintiff therein referred to must have been caused by unlawful violence or negligence. Had the legislature so intended, it would doubtless have used in the eighteenth section the same language qualifying the word “death” that appears in the nineteenth section. The absence of the qualifying words in the one section is just as significant as their presence in the other. To ask the court now to write into the earlier section the language of the later is to seek legislation rather than interpretation. The present case of the plaintiffs was therefore complete without proof by them of the cause of their decedent’s death, and the procedure was in exact harmony with the provisions of that section.
Nor can we see anything in Hill v. Penna. R. R. Co., 178 Pa. 223, much relied on by the appellant, to militate against this conclusion. On the contrary, reading the entire opinion of Mr. Justice Green, we think it but a confirmation of the soundness of the views already expressed. In that case an action was brought by a widow to recover damages for the death of her husband, alleged to have been occasioned by negligence. The husband had survived his injury for some period of time and during that period had made a settlement with the defendant for the damages he claimed, and upon their payment, executed a release which the court held destroyed the action *539 instituted by the widow. The Supreme Court determined that there were not two separate independent rights of action following the single act of negligence; that there was nothing in the language of either or-both of the sections which would justify the conclusion that the nineteenth section gave a right of action to the widow independent of and separate from the right which her husband had either prosecuted to judgment or compounded and settled during his lifetime.
There may be some expressions in the opinion of Mr. Justice Green which, detached from their proper context and considered alone, might be made to furnish some support for the theory which the able counsel for appellant has built on them. But neither in the questions actually decided, nor in the opinion of the court, considered in its entirety, can we find authority for the proposition that the present action abated on the death of the original plaintiff, because it does not affirmatively appear the death was caused by the negligent act of the defendant. We are therefore of opinion that the second contention of the appellant must also be dismissed. The assignments of error are overruled. °
Judgment affirmed.