## Hutt's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

. . . .

*Robert B. Koff,* for accountant.

*John A. McCarthy,* for exceptant.

LADNER, J., May 25, 1938.—The five exceptions filed raise the single question whether or not the learned auditing judge erred in refusing to surcharge the accountant with $900 received under the circumstances set forth in the adjudication.

We are of the opinion that the ruling made is correct for the reasons which adequately appear in the adjudication. It is therefore necessary to consider only the point made at the argument that the auditing judge did not properly construe the Act of April 15, 1851, P. L. 669.

Decedent's wife and child died as a result of injuries received in an automobile accident. Decedent afterward died without having brought any action therefor. Counsel

urged that the express language of section 19 of the Act of 1851, supra, saved the right of action which the father had to his personal representatives. In support of this contention he cites Birch et al. v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry., 165 Pa. 339, and Taylor's Estate, 179 Pa. 254. An examination of these cases, however, shows that there an action had been brought by decedent in her lifetime and the personal representatives substituted as plaintiffs after her death. While in these cases there is some language which, by inference, might support the argument here made, any doubt arising therefrom has long since been set at rest by Miller et al. v. Pa. R. R. Co., 256 Pa. 142 (cited by the auditing judge), in which Mr. Justice Frazer, discussing the effect of the later Act of April 26, 1855, P. L. 309, upon the Act of 1851, said (p. 147):

"The Act of 1855 takes away the right of personal representatives to sue where no action has been begun by the party injured during his or her lifetime, and provides that 'the persons entitled to recover damages' shall be the husband, widow, children or parents of the deceased. But the right to participate in the distribution of the sum recovered, given by the Act of 1855, implies a right on the part of the persons named to sue in their individual names to recover such amounts in all cases where no persons having a prior right of suit under the act are in existence. . . . If neither husband nor widow survives, the right of action is in the children, if any, and, if not, it is given to the parents of the deceased."

Thus, under the circumstances here present, the right of action which decedent had as husband for the death of his wife survived to the children, while the right of action he had as father of the child who was killed survived to no one. It seems proper to state, however, that by reasons of the recent amendment made to the Act of 1855, supra, effective April 1, 1937, P. L. 196, the right to recover for hospital, nursing, medical, and funeral

expenses, etc., does survive to the personal representative of the person killed if none of the relatives mentioned in the Act of 1855 survives. Whether the amendment applies to a death occurring before its enactment we need not now determine, as that question is not before us.

The exceptions are dismissed, and the adjudication is confirmed absolutely.