Alvin H. FRANKEL, as guardian of the Estate of Joseph, Michael, Thomas and Maureen Burgoyne, minors and trustee ad litem

v.

Walter R. STYER, trading as Styer Refrigerator Body Co.

Civ. A. No. 29710.

United States District Court
E. D. Pennsylvania.

Jan. 10, 1962.

Irving J. Katz, Philadelphia, Pa., for plaintiff.

Elston C. Cole, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

This action is before us on defendant's motion to dismiss the plaintiff's action, or, in the alternative, plaintiff's amended complaint.

While we have no wish to appear unduly critical, we note that the amended complaint has been drawn with little regard for the Rules of Civil Procedure relating to pleadings. For example, the complaint is captioned "Complaint in Trespass." We call attention to Fed. Rules Civ.Proc. 2, 28 U.S.C.A.: "There shall be one form of action to be known as 'civil action'". With regard to the substance of the amended complaint, it is only after repeated readings that we have been able to discern what we believe is the plaintiff's theory of recovery.

This action appears to be one brought on behalf of those entitled to recover damages for the alleged wrongful death of George Burgoyne on July 28, 1960. The amended complaint avers that in 1958 Mr. Burgoyne entered into an agreement with defendant, Walter R. Styer, whereby the latter undertook to convert one 1956 Dodge panel truck into a refrigerated truck; that Mr. Burgoyne informed defendant that the truck was to be used for the delivery of refrigerated meats; that defendant warranted that the conversion would be fit for the purpose intended, namely, the storage, transportation, etc., of meat; that defendant did make the alterations and did convert the truck. It is further averred that, on or about July 28, 1960, Mr. Burgoyne was engaged in loading the truck and was placing meat in the forward part of the refrigerated section constructed by defendant, when the door closed trap-

ping him inside, "as a result of which Mr. Burgoyne was asphyxiated after a long period of agony and torture, in that the said door did not conform to the expressed warranties and those implied by law with respect to its use in safety, knowing said warranties extended to plaintiffs."

Paragraph 10 of the amended complaint avers:

"10. That by reason of the breach of warranty resulting in death of George Burgoyne he left surviving him the minor children and widow mentioned in paragraph one of this complaint who have suffered great financial damage, injury and loss by reason of defendants' breach of warranty along with funeral expenses in the amount of $2120.00."

The second count of the complaint incorporates all of the preceding averments (including those with respect to express and implied warranties), and goes on to charge defendant with negligence in certain designated particulars. Paragraph 12 alleges:

"12. But for the above mentioned negligence of the defendant, the injuries to the deceased, George Burgoyne, would not have occurred, namely, his asphyxiation and agonizing death in the coffin constructed by the defendant, and the plaintiff in this action would not have had to go through the great expense and costs by reason of the demise of their father caused solely by the negligence of the defendant to the extent of $500,000.00."

Defendant's principal contention is that plaintiff has failed to state a cause of action upon which relief can be granted. The amended complaint is susceptible of several interpretations, and can best be described as amorphous, hybrid and indecisive. Defendant contends that "this is not an action for wrongful death but an action based on breach of warranty." We believe, as already noted, that the action is meant to be one for

wrongful death. The further question remains, however, whether the suit, as pleaded, is for death resulting from breach of warranty, or death "occasioned by unlawful violence or negligence," as provided in the Pennsylvania statute of April 15, 1851, P.L. 669, § 19, 12 P.S. § 1601, or both.

■ We agree with the defendant that "there is no such thing in the law of Pennsylvania as an action for wrongful death based on breach of warranty." In the leading case of Birch v. Pittsburg C. C. & St. L. Railway, 165 Pa. 339, p. 345, 30 A. 826 (1895), the Supreme Court of Pennsylvania pointed out the distinction between sections 18 and 19 of the Act of 1851, and explained the nature and purpose of the new action for wrongful death given by section 19:

"The next section provides: 'Whenever death shall be occasioned by unlawful violence or negligence and no suit for damages be brought by the party injured, during his or her life, the widow of any such deceased, or if there be no widow the personal representatives may maintain an action for and recover damages for the death thus occasioned.' Recognizing the living injured party's common law right of action for damages, etc., this section, in the circumstances therein specified, gives a new right of action for same unlawful violence or negligence, and declares by whom it shall be exercised. It is given only in cases where the injured party's death has been 'occasioned by unlawful violence or negligence, and no suit for damages' has been brought by him in his lifetime, and is to be exercised first by his widow, and, if there be no widow, then by his personal representatives. As was well said by Mr. Justice WOODWARD, in Fink v. Garman, 40 Pa.St. [95] 103: 'The 18th section was apparently intended to regulate a common-law right of action by securing to it survivorship; but the 19th section was creative of a new cause of ac-

tion, wholly unknown to the common law. And the right of action was not given to the person suffering the injury, since no can could sue for his own death, but to his widow or personal representatives. It was quite competent for the legislature to alter the common law in this regard. They did so by giving parties a right of action who had none before.'

"While grounded on the same 'unlawful violence or negligence' for which the injured party had a common-law right of action in his lifetime, the statutory right, given by the 19th section, is conditioned upon the concurring facts, that the injured party's death was occasioned by said violence or negligence, and that no suit for damages was brought by him."

To the same effect, see Taylor's Estate, 179 Pa. 254, 36 A. 230 (1897); Crider v. Moorhead, 51 Pa.Super. 532 (1912).

While the second count of the amended complaint does charge defendant with negligence, it also incorporates by reference every allegation of the first count respecting breach of warranty, and plaintiff's theory of recovery under the second count is unclear.

■ Defendant also contends that the guardian of the minor children is without right to sue on behalf of a class. Careful reading of Pa.R.C.P. 2202(b) persuades us of the merit in defendant's contention. Pennsylvania law is controlling in this regard. F.R.Civ.P. 17.

We think both the interests of justice and of clarity require that plaintiff be afforded an opportunity to file a more definite statement in the particulars indicated, and to amend the caption to accord with Pa.R.C.P. 2202(b).

Accordingly, we enter the following

### ORDER

NOW, January 8th, 1962, it is ordered that defendant's motion to dismiss is granted unless, within thirty (30) days from the filing of this order, plaintiff shall amend his complaint to cure the defects therein consistently with the foregoing opinion.