Ronald P. SACKS, Administrator of the Estate of Ephraim Catsiff, Deceased,

v.

George CREASY and Marguerite Creasy.

Civ. A. No. 31857.

United States District Court
E. D. Pennsylvania.

Dec. 17, 1962.

Fred Lowenschuss, Philadelphia, Pa., for plaintiff.

Max E. Cohen, Philadelphia, Pa., for defendant.

WOOD, District Judge.

The defendants bring this motion to dismiss the plaintiff's action pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure. It is their contention that the complaint fails to state a claim upon which relief can be granted. Briefly, the plaintiff has brought a wrongful death action[1] and a survival action[2] for the injuries and death of the decedent. The disputed averments of the complaint are contained in the second count as follows:

> "12. Plaintiff incorporates by reference the allegations contained in paragraphs 1 to 9 inclusive as fully as though the same were here set forth at length.

> "13. The defendants represented and warranted to the plaintiff's decedent that they would provide a proper home for the plaintiff's decedent and would care for and watch over his safety and welfare."

Averments 14 and 15 also deal with this alleged breach of warranty that the defendants would provide a safe home for the decedent. Averment 12 incorporated all the allegations dealing with negligence in count one with the allegations of count two concerning the breach of warranty.

Wrongful death in Pennsylvania is a statutory remedy and must be strictly construed by this Court in accordance with Pennsylvania law. In the statute, the remedy is restricted to cases where the injured party's death has been "occasioned by unlawful violence or negligence * * *" 12 P.S. § 1601. Pennsylvania cases construing the statute so limit wrongful death actions to trespass. Birch v. Pittsburg, Cincinnati, Chicago & St. Louis Railway, 165 Pa.

1. Act of April 15, 1851, P.L. 669, as amended, 12 P.S. §§ 1601 to 1604.

2. Act of April 18, 1949, P.L. 512, §§ 601, 603, 20 P.S. §§ 320.601, 320.603.

339, 345, 30 A. 826 (1895), and Taylor's Estate, 179 Pa. 254, 36 A. 230 (1897).

Our colleague, Judge Kraft, in a similar case has said:

"We agree with the defendant that 'there is no such thing in the law of Pennsylvania as an action for wrongful death based on breach of warranty.'" Frankel v. Styer, 201 F.Supp. 726, 727 (D.C.1962).

Actions for wrongful death brought under this statute have always been limited to actions in trespass. 4 Anderson Pennsylvania Civil Practice, p. 245.

The plaintiff's theory of recovery is indefinite since he has not set forth with sufficient clarity his theory for relief. At best it can be described as being indecisive. Therefore, in view of the foregoing, we are constrained to grant the defendants' motion without prejudice.