## Berkebile v. Brantly Helicopter Corp.

*Laurence H. Eldredge,* for plaintiff.
*Sidney L. Wickenhaver,* for defendant.

ALEXANDER, J., May 27, 1964.—These cases are before the court upon defendant's preliminary objections to plaintiff's complaints in assumpsit and in trespass which set forth actions for wrongful death and survival, arising from the death of plaintiff's deceased husband, Cloyd G. Berkebile, who was killed in the crash of a helicopter which was manufactured by defendant corporation.

The accident in question occurred on July 9, 1962, in Venango County, Pa. Plaintiff's decedent was a licensed helicopter pilot and he was piloting the aircraft in question, a Brantly "B-2" helicopter, serial number 149, at the time of the crash. The deceased had purchased the said aircraft through an authorized sales representative of defendant in January 1962.

Plaintiff's complaints allege that the crash was caused by the separation of one of the main rotor outer

blades of the aircraft while the aircraft was in flight at an elevation of approximately 1,400 feet. The helicopter went out of control when the rotor blade separated, causing it to crash.

As indicated by the captions, supra, plaintiff has filed two complaints, one in trespass and one in assumpsit.

Count one of each complaint is a survival action based upon alleged breach of warranties. Count two of each complaint is a wrongful death action also based upon alleged breach of warranties.

The complaint in trespass contains two additional counts, one a survival action and the other a wrongful death action, which are based upon the alleged negligence of the defendant corporation.

The various survival actions referred to, supra, are brought on behalf of the plaintiff widow and the three surviving children of the deceased pursuant to the Fiduciaries Act of 1949, P. L. 512, sec. 603, 20 PS §320.603. The wrongful death actions are based upon the Acts of April 15, 1851, and April 26, 1855, P. L. 669, sec. 19, and P. L. 309, respectively, 12 PS §§1601 and 1602.

Defendant demurs to plaintiff's wrongful death action in assumpsit (Count 2), contending that a wrongful death action does not lie in Pennsylvania for breach of contractual obligations.

The Act of 1851, 12 PS §1601, supra, provides that an action may be commenced for damages, "whenever death shall be occasioned by unlawful violence or negligence."

In Catani v. Swift & Company, 251 Pa. 52 (1915), the Supreme Court sustained the right of a widow to recover damages for the death of her husband based upon the breach of an implied warranty of fitness for consumption of meat which was sold by the defendant company.

In the Catani case, supra, 251 Pa. at page 56, the court referred to a statutory warranty of fitness for human consumption in regard to food products in sustaining the plaintiff's cause of action for breach of implied warranty causing death.

In the present case, the Uniform Commercial Code imposes an implied warranty of fitness upon the defendant for the ordinary purposes for which the aircraft in question was sold: Act of April 6, 1953, P. L. 3, sec. 2-314, 12A PS §2-314.

In Simone v. John J. Felin and Company, No. 1, 35 D. & C. 637 (1939), Judge Levinthal sustained the right of the plaintiff to sue in assumpsit for breach of warranty which allegedly caused the plaintiff to suffer a serious illness. The opinion in that case cites numerous authorities upholding the right of the plaintiff who has suffered personal injury resulting from a breach of warranty to bring an action in assumpsit or in trespass: Nock v. Coca Cola Bottling Works of Pittsburgh, 102 Pa. Superior Ct. 515 (1931); Tavani v. Swift & Co., 262 Pa. 184 (1918); and Catani v. Swift & Company, supra.

In Centofanti v. Penna. R. R. Co., 244 Pa. 255, 262 (1914), the court defined the nature of an action for wrongful death as being based upon a "tort which produces death" and noted that "the action will not lie unless death follows the wrongful act which occasions it." The court further stated:

"The tort or wrongful act which our statute declares actionable is 'unlawful violence or negligence' causing or resulting in death. It is the tortious act or negligence of the wrongdoer, and not its consequence, that is the basis or ground of action which the statute authorizes to be brought."

The court concluded its opinion by stating that the wrongful death act "is remedial and should be construed liberally so as to effect the intended purpose of

changing the former law and permitting a recovery for torts resulting in death."

In regard to actions for breach of warranties, Judge Levinthal properly noted in the Simone case, supra, 35 D. & C. 645, 648 (1939), that "actions upon warranties, it ought to be remembered, are tortious in origin, developing from actions for deceit, the principal precursor of all assumpsit."

In Ebbert v. Philadelphia Electric Company, 330 Pa. 257 (1938), (same case: 126 Pa. Superior Ct. 351), the Supreme Court sustained the right of the plaintiffs to recover damages for personal injuries in a suit based upon the breach of a warranty by the defendant that an electric washing machine and wringer which defendant sold to plaintiff was free of mechanical defects and when, in fact, it was proven that a safety device attached to the wringer failed to operate as warranted.

Although the complaint in the Ebbert case, supra, was in trespass, a careful reading of that opinion satisfies this court that the result would have been the same had the action been commenced in assumpsit. Due to the fact that the crux of the action was for a breach of warranty, there would be no logical avenue of changing the result on the basis of whether it was entitled "trespass" or "assumpsit".

A significant point in the Ebbert case, supra, is that it involved a machine which failed to operate as warranted which is, of course, the basis of plaintiff's present action.

The most significant characteristic of an action such as the present action is that it is based upon alleged breach of warranties, either expressed or implied, or both. This was recognized by the Supreme Court in the Ebbert opinion, 330 Pa. at page 268, in the following quotation:

"In Boston Woven Hose & Rubber Co. v. Kendall, 178 Mass. 232, 59 N.E. 657, 51 L.R.A. 781, Chief Justice Holmes (then of the Supreme Judicial Court of Massachusetts) said: 'Whether the false warranty be called a tort or a breach of contract the consequence which ensued must be taken to have been contemplated, and was not too remote.'"

Therefore, we deem this action to be based primarily upon an alleged breach of warranty resulting in the loss of a life and an action which under Pennsylvania law may be brought either in trespass or assumpsit.

In regard to actions for personal injuries based upon alleged breach of warranties in transportation vehicles, it is important to note the decision of the Supreme Court of New Jersey in Henningsen v. Bloomfield Motors, Inc., 32 N. J. 358, 161 A. 2d 69 (1960). That case involved an accident allegedly caused by a defective steering wheel of a new automobile. A suit was brought against both the retailer and the manufacturer and the verdict against the manufacturer only was sustained, as follows: (pp. 383, 384)

"We see no rational doctrinal basis for differentiating between a fly in a bottle of beverage and a defective automobile. The unwholesome beverage may bring illness to one person, the defective car, with its great potentiality for harm to the driver, occupants, and others, demands even less adherence to the narrow barrier of privity. . . . Accordingly, we hold that under modern marketing conditions, when a manufacturer puts a new automobile in the stream of trade and promotes its purchase by the public, an implied warranty that it is reasonably suitable for use as such accompanies it into the hands of the ultimate purchaser. Absence of agency between the manufacturer and the dealer who makes the ultimate sale is immaterial."

In Goldberg v. Kollsman Instrument Corporation, 12 N. Y. 2d 432, 191 N. E. 2d 81 (1963), in an opinion

by Chief Judge Desmond, the Court of Appeals of New York imposed warranty liability upon Lockheed Aircraft Corporation, the manufacturer of an American Airlines airliner which crashed near La Guardia Airport. The alleged cause of the disaster was a defective altimeter which had been manufactured by defendant Kollsman Instrument Corporation. The court held that "for the present at least" it would not extend liability to a manufacturer of a component part, due to the fact that the remedy of the plaintiff as against the general manufacturer, Lockheed Aircraft Corporation, was adequate.

The court's release of the manufacturer of the alleged defective component part having been conditioned by the use of the phrase, "for the present at least," may tend to indicate that at some future date negligence liability will be imposed upon such a manufacturer under the doctrine of MacPherson v. Buick Motor Company, 217 N. Y. 382, 111 N. E. 1050 (1916), in which the court held in the celebrated opinion of Justice Cardozo that a manufacturer is liable for negligence in making or assembling his product even to remote users or consumers with whom he has had no direct contractual relationship.[1]

Having recognized that actions based upon breach of warranty are tortious in origin and that no logical distinction exists to limit such actions to actions in trespass or assumpsit, we must now review the language of the wrongful death act, supra, to determine whether an action based upon breach of warranties can be maintained in Pennsylvania.

As noted, the pertinent language of the act is that the "death shall be occasioned by unlawful violence or negligence."

---

[1] Vol. 50, No. 4, American Bar Association Journal, "Strict Liability of Manufacturers" by Dix W. Noel, Professor of Law, University of Tennessee, Page 446 (May 1964).

In the Centofanti case, supra, 244 Pa. at page 262, the court referred to the pertinent language of the act, supra, as "the tort or wrongful act" and as "the tortious act or negligence of the wrongdoer."

The court in the Centofanti case, supra, 244 Pa. at page 263, also stated that the purpose of the wrongful death act "is remedial and should be construed liberally."

With this in mind, this court must conclude that an action may be maintained in Pennsylvania under our wrongful death act for a death which is alleged to have resulted from a breach of warranty or warranties, express or implied, and that the language of the act is sufficiently broad to impose this conclusion.

Clearly the disassembly of an essential portion of an aircraft while the aircraft is in flight is an act "occasioned by unlawful violence and negligence." Moreover, in the language of the Supreme Court in the Centofanti case, supra, such an event is both a "tortious and wrongful act." To hold otherwise, would be a failure on the part of this court to apply the act "liberally" and to view it in its proper perspective as "remedial" legislation.

The courts having recognized and sustained the rights of litigants to recover damages for personal injuries for breach of warranties, Catani and Ebbert, supra, we cannot deny the same right in an action for wrongful death which was caused by an alleged breach of warranty of an aircraft manufacturer.

Cases of other jurisdictions which are in accord with the announced holding of this court are: Halecki v. United N. Y. & N. J. Sandy Hook Pilots' Ass'n, 251 F. 2d 708 (C. A. 2nd Cir. 1958), which involves the New Jersey death statute which imposes liability for death due to "wrongful act, neglect or default"; Skovgaard v. The M/V Tungus, 252 F. 2d 14 (C. A. 3rd Cir. 1957), affirmed, 358 U. S. 588, 79 S. Ct. 503

(1959), also involving the New Jersey death statute in which the Circuit Court's opinion, states at page 17, that "the conduct required to impose liability . . . is not limited to that conduct embraced in the historical concept of negligence," and on page 15, that the act was "broad enough to encompass an action for death based upon breach of warranty of seaworthiness." The same decision was reached by the Court of Appeals of New York in Greco v. SS Kresge Co., 277 N. Y. 26, 12 N. E. 2d 577 (1938).

In Greenwood v. Thompson, 213 Illinois App. 371, 374 (1919), the court held in a death case based upon a breach of warranty of unwholesome food:

"Where one is damaged by a breach of warranty, he has a choice of two remedies. He may bring an action on the case, based upon the alleged wrongful act of the defendant in committing the breach, or he may bring an action in assumpsit based upon the contractual relation existing and the defendant's failure to fulfill his express or implied promise of warranty."

We firmly believe that the above authorities and analysis of this issue pertaining to a death action based upon an alleged breach of warranty result in a proper and just application of the Pennsylvania wrongful death act, supra, however, we would be remiss if we failed to note that the following cases reach the opposite conclusion: Simone v. John J. Felin & Co., No. 2, 35 D. & C. 687 (1939); Frankel v. Styer, 201 F. Supp. 726, also, 209 F. Supp. 509 (E. D. Pa. 1962); Sacks v. Creasy, 211 F. Supp. 859 (E. D. Pa. 1962); Barnard v. Pennsylvania Range Boiler Company, 32 F. R. D. 58 (E. D. Pa. 1962).

Accordingly, defendant's demurrer to plaintiff's wrongful death action in assumpsit, count 2 of that complaint, is denied.

Likewise, defendant's demurrer to plaintiff's wrongful death action in trespass based upon alleged breach

of warranties, count 2 of the complaint in trespass, is denied on the basis of the foregoing authorities and discussion.

As stated, supra, the first two counts of each complaint, one in assumpsit, one in trespass, set forth survival and wrongful death actions based upon breach of warranties. Defendant has moved to strike these counts in the trespass action on the ground that they are improperly joined in that action, being basically contractual in nature.

We cannot agree with this position of defendant due to the fact that actions for breach of warranty, as indicated, supra, are of a "mixed" parentage, being tortious in origin since they are an extension of actions for deceit. See quotes, supra, from the Simone case and the Boston Woven Hose & Rubber Co. case, at page 5.

The basis for not permitting counts sounding in contract to be included in a complaint in trespass, being, under Pennsylvania practice, that trespass and assumpsit actions are distinct and separate forms of action, is inapplicable in a case such as this brought upon breach of warranties. No undue confusion can be foreseen to result from this holding as far as the conduct of trial is concerned. Plaintiff may elect at the time of trial, or the trial judge may rule thereon, as to which theory or theories the case will proceed upon, and as to which cause of action or actions will be presented.

We see no logical reason to exclude plaintiff's breach of warranty counts in her trespass action merely because those counts may be "labeled", in part, "contractual" in nature.

Therefore, defendant's motion to strike counts one and two of plaintiff's complaint in trespass is denied.

Defendant further objects to plaintiff's complaint in assumpsit under Pa. Rule of Civil Procedure 1019 (h)

which requires: "(a) a pleading shall state specifically whether any claim . . . is based upon a writing. If so, the pleader shall attach a copy of the writing . . .".

Our examination of the complaint in assumpsit requires us to sustain this point and to direct a more specific pleading pursuant to the said rule.

Finally, defendant has moved to strike the various headings or titles of the various counts of plaintiff's complaints, viz., "Survival Action—Strict liability," "Wrongful Death Action—Strict Liability," etc.

Technically, the Rules of Civil Procedure do not contemplate such identification of various counts contained in one complaint; however, we see no serious objection to it and we hold that defendant is not required to answer the said headings or titles when it is time for defendant to file a responsive pleading to the plaintiff's complaints. Therefore, defendant's motion to strike the headings or titles contained in plaintiff's complaints is denied.

## Conclusion

Defendant's demurrers to plaintiff's complaints in trespass and assumpsit, counts one and two thereof, are denied.

Defendant's motion to strike counts one and two of plaintiff's complaint in trespass is denied.

Defendant's motion for a more specific complaint in assumpsit under Pa. R. C. P. 1019(h) is sustained.

Defendant's motion to strike the headings or titles of the various counts of plaintiff's complaints is denied.

Defendant's motion to strike counts three and four of plaintiff's complaint in trespass is denied.

Defendant's motion for a more specific complaint under Pa. R. C. P. 1019(h) which is sustained, supra, is applicable to plaintiff's complaint in trespass as well as the complaint in assumpsit. Plaintiff may meet the requirements of the said rule by filing amendments to her complaints in assumpsit and trespass. Said amend-

ments shall be filed within 20 days from the date hereof, and thereafter the defendant shall plead over within 20 days from the date of counsel's receipt of copies of the said amendments to plaintiff's complaints.