210      367
31 SC  293

210      367
216     ¹169

210   367
41SC²166

# Haughey, Appellant, v. Pittsburg Railways Company (No. 2).

*Negligence—Death—Parties—Widow and children—Act of April 26, 1855, P. L. 309.*

Where a husband is killed through the negligent act of another and leaves to survive him a widow and children the action for his death must be brought in the widow's name alone, although the damages recovered are to be shared with the children in the proportion they would take the personal estate in case of intestacy.

If in such a case the children are joined with the widow through a next friend as parties plaintiff, and a nonsuit is entered, and the children take a separate appeal in their own names, their appeal will be quashed.

Argued Oct. 31, 1904.    Appeal, No. 173, Oct. T., 1904, by plaintiff, from order of C. P. No. 1, Allegheny Co., Sept. T., 1902, No. 151, refusing to take off nonsuit in case of Mary A. Haughey, Marie J. Haughey and Loretta Haughey v. Pittsburg Railways Company.    Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.    Appeal quashed.

Trespass to recover damages for death of plaintiffs' father. Before BROWN, J.

The opinion of the Supreme Court states the case.

*Error assigned* was refusal to take off nonsuit.

*Matthew Lowrie*, with him *Robert F. Graham*, for appellants.

*James C. Gray*, with him *Clarence Burleigh* and *W. A. Challener*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, December 31, 1904:

Patrick Haughey, the husband of Mary A. Haughey and the father of Marie J. Haughey and Loretta Haughey, the plaintiffs, was seriously injured by a collision with one of appellee's electric cars on Fifth avenue in the city of McKeesport, and shortly thereafter died.    An action was brought against the

appellee company, the defendant below, and in the plaintiffs' statement it is set forth that " Mary A. Haughey, widow, and Marie J. Haughey, a minor of the age of thirteen years, and Loretta Haughey, a minor of the age of nine years, by their next friend, W. W. Campbell, bring this action to recover damages sustained by reason of injuries to Patrick Haughey, husband of said Mary A. Haughey and father of said Marie J. and Loretta Haughey, resulting in the death of said Patrick Haughey." On the trial of the cause, the court, on motion of defendant's counsel, granted a nonsuit which it subsequently refused to take off. The record shows two appeals to this court were taken from this judgment, one, by Mrs. Mary A. Haughey at No. 172, October term, 1904, and the other by Marie J. Haughey and Loretta Haughey at No. 173, October term, 1904. In an opinion handed down this day in Mrs. Haughey's appeal, we have reviewed and reversed the judgment of the court below and awarded a procedendo. We now have before us for consideration the appeal of Marie J. Haughey and Loretta Haughey, the minor children of Patrick Haughey deceased.

The general maxim of the common law is actio personalis moritur cum persona, and therefore no action would lie for negligence resulting in death. But this was changed by the legislature of this state, and by the 19th section of the Act of April 15, 1851, P. L. 674, it is provided that " whenever death shall be occasioned by unlawful violence or negligence, and no suit for damages be brought by the party injured, during his or her life, the widow of any such deceased, or, if there be no widow, the personal representatives, may maintain an action for and recover damages for the death thus occasioned." By this legislation, therefore, a right of action for death occasioned by " unlawful violence or negligence " was given to the widow of the deceased, and, if he had no widow, to his personal representatives. This was the law of the state until the passage of the Act of April 26, 1855, P. L. 309, in the first section of which it is provided that " the persons entitled to recover damages for any injury causing death, shall be the husband, widow, children or parents of the deceased, and no other relatives; and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy."

The effect of this statute was to deprive the personal representative of a right of action in such cases and to vest it in the husband, widow, children or parents of the deceased. If there is a husband or widow, and children surviving, the action must be in the name of the husband or widow alone. The children should not be joined as plaintiffs in the action. The sum recovered, however, does not belong solely to the plaintiff in the action but, as provided by the statute, shall go to the relatives of the deceased in the proportion they would take the personal estate in case of intestacy. In order that the record may disclose who the beneficiaries are, it is provided in the second section of the act of 1855 that " the declaration shall state who are the parties entitled in such action."

It will be observed, therefore, that the foregoing legislation permits a recovery of damages for death caused by negligence and designates the person who shall bring the action, the proportion in which the damages recovered shall be paid and provides that the statement shall set forth the parties entitled as distributees of the fund recovered in the action. In the case in hand, the procedure pointed out by the statute was disregarded. The widow and the two children by their next friend were joined as co-plaintiffs. The action should have been brought in the name of Mary A. Haughey as plaintiff, and it should have been averred in the statement that she and the two children were the parties entitled to the damages recovered in the action. The children should not have been joined with the widow as plaintiffs. There is no authority whatever for bringing the action in their joint names or for the children joining in the action by a next friend. The whole procedure was irregular and in disregard of the provisions of the statute, and the court below would doubtless have so declared had its attention been called to the matter.

Mary A. Haughey being the proper plaintiff in the action, the judgment of nonsuit must be regarded as having been entered against her and she was the proper party to have the judgment reviewed on appeal. This, as we have seen, she did and the judgment has been reversed and another trial will be had. The two minor children who are the appellants here having no right to appeal from the judgment entered against the plaintiff, it follows that this appeal must be quashed.

As the widow was living, they could not institute the action in their own names to recover damages for the death of their father, nor when improperly joined with the widow as plaintiffs, could they, in their own names, take an appeal from an adverse judgment.

Before another trial takes place, the plaintiff should amend the record and the statement so that the pleadings will conform to the requirements of the act of 1855. This may relieve the case of future complications both in the trial court and, possibly, in this court.

Appeal quashed.