## DI PAOLO v. LAQUIN LUMBER CO.

### (Circuit Court, M. D. Pennsylvania. February 5, 1910.)

#### No. 169, December Term, 1908.

1. DEATH (§ 31*)—ACTION FOR WRONGFUL DEATH—PENNSYLVANIA STATUTE—PARTIES—NONRESIDENT ALIENS—WIDOWS AND CHILDREN.

    The right of action for wrongful death given by Act Pa. April 15, 1851 (P. L. 674), as amended by Act April 26, 1855 (P. L. 309), in favor of the husband, wife, children, or parents of the deceased, the sum recovered going to them in the proportion they would take the personal estate of the deceased in case of intestacy, as such statutes are construed by the Supreme Court of the state, does not extend to nonresident aliens, and, where one of the minor children of a man killed resides in Pennsylvania, but his widow and other children are nonresident aliens, under the rule requiring actions to be brought in the name of the real party in interest, the widow cannot maintain an action for the death in behalf of the resident child in her own name.

    [Ed. Note.—For other cases, see Death, Cent. Dig. § 37; Dec. Dig. § 31.*

    Nonresident aliens as beneficiaries under death acts, see note to Mahoning Ore & Steel Co. v. Blomfelt, 91 C. C. A. 396.]

2. DEATH (§ 31*)—ACTION FOR WRONGFUL DEATH—WHO MAY SUE—PENNSYLVANIA STATUTE—RESIDENT MINOR CHILD OF NONRESIDENT ALIEN WIDOW.

    Under Act Pa. April 15, 1851 (P. L. 674), as amended by Act April 26, 1855 (P. L. 309), the right of action for wrongful death thereby given is vested solely in the widow of deceased if living, and is single and indivisible, although the sum recovered is to be divided between herself and others in accordance with the law of distribution of personal estate, and, where there is a widow living, the fact that she is incapacitated to sue by reason of being a nonresident alien does not vest a resident child with a right of action.

    [Ed. Note.—For other cases, see Death, Dec. Dig. § 31.*]

At Law. Action by Maria Michele Di Paolo against the Laquin Lumber Company. On demurrer to plaintiff's statement. Demurrer sustained.

Marcel A. Viti, for plaintiff.
C. E. Sprout, for defendant.

ARCHIBALD, District Judge. This is an action of trespass for the death of Carmine Di Paolo, which occurred on April 22, 1908, and was caused, as it is charged, by the negligence of the defendants, for whom he was working at Whalen, Bradford county, Pa. The deceased was survived by his widow, the plaintiff, Maria Michele Di Paolo, a subject of the king of Italy and a resident of that country, and four minor children, three of whom are living with their mother, the fourth then and now being a resident of Pennsylvania. By Act Pa. April 15, 1851, § 19 (P. L. 674), an action is given for the death of a person when caused by unlawful violence or negligence; and by Act Pa. April 26, 1855 (P. L. 309), the persons entitled to recover are the husband, widow, children, or parents of the deceased, the sum recovered going to them in the proportion they would take the personal estate of the

deceased in the case of his or her intestacy. These acts determine the right to recover, which has no existence outside of them. And it is conclusively established by the construction put upon them by the courts of Pennsylvania by which the subject is controlled that the present plaintiff as widow, being a nonresident alien, has no right of action under them. Deni v. Pennsylvania Railroad, 181 Pa. 525, 37 Atl. 558, 59 Am. St. Rep. 676; Maiorano v. Baltimore & Ohio Railroad, 216 Pa. 402, 65 Atl. 1077, 21 L. R. A. (N. S.) 271, 116 Am. St. Rep. 778; Id., 213 U. S. 268, 29 Sup. Ct. 424, 53 L. Ed. 792; Fulco v. Schuylkill Stone Company (C. C.) 163 Fed. 124; Id., 169 Fed. 98, 94 C. C. A. 498. So far therefore as the case proceeds in her interest or the interest of the three minor children, who reside with her in Italy, she has no standing to maintain it.

It is said, however, that this is not a suit by the plaintiff as widow, but by her as mother and lawful guardian, under the laws of Italy, of Gioacchino Di Paolo, the minor son, who was a resident of Pennsylvania at the time of his father's death and continues to remain so, and is therefore entitled, as it is claimed, to the benefit of the statute. But, assuming that a right of action in favor of the child exists, it should have been brought in the name of the child by his next friend, he being the real party (Heft v. McGill, 3 Pa. 256; Morgan v. Potter, 157 U. S. 195, 15 Sup. Ct. 590, 39 L. Ed. 670); which is important in this court, if not in others, as going to the jurisdiction. Woolridge v. McKenna [C. C.] 8 Fed. 650. The plaintiff could not sue as she has done in her own name, even if proceeding in the interest of her son as his legal guardian. It may be that this is amendable, notwithstanding the expiration of the year to which such suits are limited. Van Doren v. Pennsylvania Railroad, 93 Fed. 260, 35 C. C. A. 282; Holmes v. Pennsylvania Railroad, 220 Pa. 189, 89 Atl. 597, 123 Am. St. Rep. 685. Granting, however, that this is so, there are other considerations which stand in the way of it.

The right of action is statutory and peculiar, and the statutes by which it is given must be complied with. If death does not immediately ensue and action is brought by the injured party in his lifetime, it must be continued after his death by his personal representatives; no new suit being admissible. Birch v. Railway, 165 Pa. 339, 30 Atl. 826; McCafferty v. Pennsylvania Railroad, 193 Pa. 339, 44 Atl. 435, 74 Am. St. Rep. 690. If no such action, however, is brought, the right to sue for the death is vested solely in the widow, if any, or, if not, in the others named in the order they are given. Lehigh Iron Company v. Rupp. 100 Pa. 95; Van Doren v. Penn. R. R., 93 Fed. 260, 35 C. C. A. 282. And, where the widow is disqualified, there is apparently no provision for suit being prosecuted by others. The right of action also is single and indivisible; a recovery being had, if at all, for the whole damages sustained, whoever may be ultimately entitled to them. Taylor's Estate, 179 Pa. 254, 36 Atl. 230. And, where there is a husband or widow, children are not only not necessary, but not even proper parties, however it may be necessary to name them in the declaration. Huntingdon & Broadtop Railroad v. Decker, 84 Pa. 419; Haughey v. Pittsburg Railway Co. (No. 2) 210 Pa. 367, 59 Atl. 1112; Black v.

Baltimore & Ohio Railroad, 224 Pa. 519, 73 Atl. 903. Nor can the right of action be assigned by the widow to a child, so as to enable suit to be brought in her name for its benefit. Marsh v. Western New York & Pennsylvania Railroad, 204 Pa. 229, 53 Atl. 1001. And much less can the children bring suit by themselves in their own name where the widow is living. Snyder v. Philadelphia & Reading Railroad, 9 Pa. Dist. R. 3.

All this being so, it is difficult to see how a suit like the present can be prosecuted. It cannot be by the widow, because of her nonresidence and alienage. Nor can it be by the child, because he must recover, if at all, through the intervention of his mother in her capacity as widow, who unhappily is disqualified. The idea in bringing it seems to be that the case can be treated as though the child, who is resident here, was the only one concerned, the widow and the three minor children, who are with her in Italy, being the same as though nonexistent. But unfortunately for that contention the widow cannot be left out of the question. The right to compensation for the death of a person rises no higher than that of the one who is authorized to sue for it; and, the right to sue being given by the statute to the widow who is living, no other is qualified. The children have no interest except in the damages which she recovers, and only after she has recovered them. There is no severable share which entitles either of them by himself, as here, to a direct and separate cause of action. It is true that in Toole v. Jones, 32 Pittsb. Leg. J. (Pa.) 387, a suit was sustained in the name of the wife for the use of the children, after she had settled and released her individual damages. But, if that is to be taken as opposed to the views which are here expressed, it is contrary to what was decided in Marsh v. Western New York & Pennsylvania Railroad, 204 Pa. 229, 53 Atl. 1001, and is therefore of no authority. In the Marsh Case, also, the widow refused to prosecute, which would seem to present as strong a ground for allowing the child to sue for itself, as where she herself is disqualified; and yet it was held insufficient to do so. In whatever light therefore the question is considered no case is stated by the plaintiff in the declaration, and the demurrer is therefore well taken.

Judgment on the demurrer for the defendants.