ALEXANDER v. WILKES-BARRE RY. CO.

(District Court, M. D. Pennsylvania. December Term, 1913.)

No. 553.

DEATH ⊂⊃44—ACTION FOR WRONGFUL DEATH—AMENDMENT OF PLEADINGS.

Under Act Pa. April 26, 1855 (P. L. 309), which provides that "the persons entitled to recover damages for any injury causing death shall be the husband, widow, children or parents of the deceased and no other relative," the statement of claim in an action for wrongful death, brought by the administrator of the deceased for the benefit of his estate, cannot be amended, after the time for bringing action fixed by the statute has expired, by substituting the widow of the decedent as plaintiff.

[Ed. Note.—For other cases, see Death, Dec. Dig. ⊂⊃44.]

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by R. B. Alexander, administrator of the estate of Vincenzo Colonna, deceased, against the Wilkes-Barre Railway Company. Sur motion to amend statement of claim. Denied.

M. H. McAniff and John McGahren, both of Wilkes-Barre, Pa., and Francis Rawle, of Philadelphia, Pa., for plaintiff.

Paul Bedford and Frank A. McGuigan, both of Wilkes-Barre, Pa., for defendant.

WITMER, District Judge. Action was brought by the administrator of the estate of Vincenzo Colonna, deceased, against the defendant, to recover damages for the alleged unlawful violence and negligence of defendant, resulting in Colonna's death. Colonna died January 31, 1913, and this action was instituted November 13, 1913. When the case was called for trial at the February term, 1916, counsel for plaintiff moved to amend by substituting the name of the widow of the decedent as plaintiff in place and stead of the administrator, and "to amend also the plaintiff's statement by inserting the names of decedent's two children as beneficiaries, in order that the widow may prosecute this action in her own behalf as well as for the benefit of his children." This motion was opposed by defendant on the ground that it was tending to introduce a cause of action after the statutory period allowing the same had expired.

At common law no action whatever could be sustained for the cause here disclosed. The act of Assembly approved April 15, 1851 (P. L. 674), granted the right to certain persons to maintain an action and recover damages for the death of a person occasioned by unlawful violence or negligence. By the act of April 26, 1855 (P. L. 309), it was provided that:

"The persons entitled to recover damages for any injury causing death shall be the husband, widow, children, or parents of the deceased, and no other relative."

This act took away from the personal representative of the decedent the right of action conferred by the former, and conferred it solely upon the four classes of persons in the order enumerated, to wit, "the husband, widow, children and parents"; consequently this action in its present form cannot be sustained, but the matter before the court is whether the motion to amend is to be allowed. Notwithstanding the able argument of counsel, this must also be denied, the statutory allowance of time having passed by, three times, since the cause of action arose which is for the first time by this motion suggested. Without husband, widow, children, or parents surviving there can be now, since the Act of 1855, no recovery. The plaintiff's statement as filed is silent as to the relatives of the decedent or the real beneficiaries entitled to recover under the statute, whose identity, it is provided, shall be therein disclosed, and the suit is brought solely for the benefit of his estate.

In this the case differs from Stewart v. Baltimore & Ohio R. R. Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537; Teti v. Consolidated Coal Co. (D. C.) 217 Fed. 443; Van Doren v. Penna. R. R. Co., 93 Fed. 260, 35 C. C. A. 282; Keystone Coal Co. v. Fekete, 232 Fed. 72,

—— C. C. A. ——; and kindred cases cited by counsel for plaintiff in which recovery was allowed, notwithstanding the nominal plaintiff. The important matter that determines whether suit shall prevail is dependent on the real plaintiff, or actual beneficiaries, for which suit is instituted.

As already noted, the actual and beneficial plaintiff in the statement on file is the estate, and not the widow and children of the decedent. Manifestly the measure of recovery is different where it is sought for the estate than when it is for the surviving widow and children—the one being for loss sustained by the estate, which in this case is nothing, because there can be no recovery; the other being for loss to wife and children of the earnings, support, society, and comfort of the husband and parent. To allow the amendment would assuredly introduce a new cause of action, which is not allowed, notwithstanding the liberality of the federal courts in allowing amendments.

Authorities supporting the conclusion reached may be found in Books v. Danville Borough, 95 Pa. 158; Haughey v. Pittsburg Railway Company, 210 Pa. 367, 59 Atl. 1112; Marshall v. Masselli, 47 Pittsb. Leg. J. (Pa.) 147; Coakley v. Pennsylvania R. R., 5 Clark (Pa.) 444; Di Paolo v. Laquin Lumber Company (C. C.) 178 Fed. 877.

The motion to amend is denied.