BENYAK v. LEHIGH COAL & NAVIGATION CO.   (No. 7024.)

(Supreme Court, Appellate Division, First Department.   March 26, 1915.)

1. PARTIES ⬥75—MISJOINDER—WAIVER.
   Under Code Civ. Proc. § 499, a defect of parties plaintiff appearing on the face of the complaint in a joint action, not taken advantage of by demurrer or answer, as expressly permitted by section 488, subd. 6, and section 499, was waived.
   [Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 115, 116, 167; Dec. Dig. ⬥75.]

2. APPEAL AND ERROR ⬥887—LIMITATION OF ACTIONS ⬥124—ACTION—PARTIES—AMENDMENT OF PLEADING.
   Act Pa. April 26, 1855 (P. L. 309) §§ 1, 2, provides that the persons entitled to recover damages for wrongful death shall be, under certain conditions, the parents of the deceased, and that the declaration shall name the parties entitled in such action, which shall be brought within one year after the death. The complaint in an action in New York for the death of plaintiff's minor son in Pennsylvania, brought within the statutory time and alleging the relationship and survivorship of plaintiff, the father, and of the mother, and that the action was brought for the benefit of plaintiff and the persons entitled to recover damages, through inadvertence or mistake did not join the mother as a party plaintiff. *Held*, in view of Pennsylvania decisions construing the statute, that the action for damages was a joint action given to the surviving parents, and that the omission of the name of the mother might be supplied by amendment on the trial or on appeal.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3620; Dec. Dig. ⬥887; Limitation of Actions, Cent. Dig. § 541; Dec. Dig. ⬥124.]

Appeal from Special Term, New York County.

Action by John Benyak against the Lehigh Coal & Navigation Company.   From an order denying a motion to join Marie Benyak, wife of the plaintiff, as a party plaintiff in the action, and for amendment of the summons and complaint by adding her name as a party plaintiff, plaintiff appeals.   Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

L. B. Treadwell, of New York City, for appellant.
Wellman, Gooch & Smyth, of New York City (Herbert C. Smyth, of New York City, of counsel), for respondent.

CLARKE, J.   This action was brought by John Benyak under the statute of Pennsylvania (Act April 26, 1855 [P. L. 309] §§ 1, 2) to recover damages for the death of his minor son, caused by the negligence of the defendant, in whose employ said son was at the time of his death.   Said statute provides as follows:

"The persons entitled to recover damages for any injury causing death, shall be the husband, widow, children or parents of the deceased, and no other relatives; and the sum recovered shall go to them in the proportion they would take his or her personal estate in the case of intestacy, and that without liability to creditors; the declaration shall state who are the parties entitled in such action; the action shall be brought within one year after the death, and not thereafter."

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The injuries to plaintiff's son were received on February 26, 1913, at Coaldale, Schuylkill county, Pa., causing instant death. He died intestate, leaving him surviving John and Marie Benyak, his father and mother. The action was brought on or about September 15, 1913, and within the statutory period of one year. The complaint sets out the relationship and survivorship of the plaintiff and Marie Benyak as required by the statute:

"XV. That the said Paul Benyak, deceased, died intestate, and left him surviving John Benyak, his father, the plaintiff in this action, and Marie Benyak, his mother."

"XIX. That this action is brought by the said plaintiff for the benefit of himself and the aforesaid next of kin, they being the persons who have sustained and are entitled to pecuniary damages in this action by reason of the premises. * * *"

It likewise set out the Pennsylvania statute. But, as the appellant claims, through inadvertence and mistake the mother, Marie, Benyak, was not joined as party plaintiff.

[1] The motion for leave to amend was denied upon the authority of Johnson v. Phœnix Bridge Co., 197 N. Y. 316, 90 N. E. 953. In that case the action was brought under the Death Act of Lower Canada, which reads as follows:

" * * * His consort and his ascendant and descendant relations have a right, but only within one year after his death, to recover from the person who committed the offense or quasi offense, or his representative, all damages occasioned by such death."

It further provides:

"In all cases no more than one action can be brought in behalf of those who are entitled to the indemnity and the judgment determines the proportion of such idemnity which each is to receive." Sections 1053, 1054, 1056, Civil Code of Lower Canada.

That action was brought in the name of the widow as administratrix. An application was made to amend the summons and complaint by striking out from the title of the action "as administratrix," etc., and by inserting "individually and as guardian ad litem of Catherine Johnson and Mary A. Johnson, infants, and Henry E. Johnson," and for leave to serve an amended complaint, after more than one year had expired from decedent's death. The Court of Appeals, in affirming an order of the Appellate Division, which reversed an order of the Special Term granting the motion, said:

"The right given to the persons named in said Civil Code to recover the damages occasioned by the death of the decedent is not representative, but individual and personal. Although but one action can be brought in behalf of those who are entitled to the indemnity, such action is not a joint but a several action, and power is expressly given by the statute to determine by the judgment the proportion of such indemnity which each is to receive. * * * If an action should be brought by some of the persons entitled to an indemnity, without joining all of the persons so entitled as plaintiffs, and the persons who did not join in the action should ask within a year to come into the action, their request should be granted. That, however, is not this case. This action is brought by the widow of the deceased, one of the persons entitled to the indemnity, but in her representative capacity, and, as we have seen, a right of action is not given to her in such representative capacity. The time has now expired to bring a new action, or for persons sev-

erally interested in the indemnity to come into the action, even if it had been brought by the widow individually as one of the persons severally interested."

The Court of Appeals reversed so much of the order as brought into the action the father and children of the deceased, but affirmed that portion striking out "as administratrix," etc., so allowing the action to continue in her name individually.

The respondent here says that the complaint shows that the accident occurred on the 26th of February, 1913, and, as the Pennsylvania Death Act requires any action brought thereunder to be brought within one year, it will be seen that the cause of action which accrued to Marie Benyak, who is sought to be joined, expired by limitation on February 26, 1914, and that thereafter, under the case above cited, this court will not permit her to be joined as a party plaintiff. This motion was made on November 27, 1914.

There is a marked difference between the Canadian statute, interpreted by the Court of Appeals to give several causes of action, and the Pennsylvania statute. The courts of that state have repeatedly determined that the action thereby authorized in case of a minor leaving parents was a joint action. In Huntington & Broad Top Railroad, etc., Co. v. Decker, 84 Pa. 419, plaintiff brought suit to recover damages on the death of her husband. He was killed on the 1st of November, 1872. He left a widow and two children. On the 23d of September, 1873, the widow brought this suit. The children were not named therein, nor were they in the declaration filed on the 7th of October, 1874. After the cause was issued, however, on the 2d of April, 1875, plaintiff filed an amended declaration claiming for herself and children. The court said:

"Instead of confining the right of action to the widow and personal representatives, it [the statute] designates four different parties, to one of whom, according to the circumstances of each case, the right of action is given. If the deceased leaves a husband, he alone is clothed with the right of action; if the wife is the survivor, she is entitled to bring suit; if there be neither surviving husband nor widow, the right of action is given to the children; and if there be neither husband, nor widow, nor children, surviving, it is given to the parents of the deceased. But while the right of action is given, according to the circumstances of each case, to one of the four designated parties, it is clear from the wording of the act that the entire sum recovered is not always to be retained by the plaintiff in his or her own right. It is to be distributed among the relatives named in the proportion they would be entitled to take the personal property of the deceased in case of intestacy; and, to the end that it may appear who are entitled to participate in the damages recovered, it is required that the declaration shall state who they are. In the present case the widow had the right of action, not exclusively for her own use, but for the joint use and benefit of herself and children. She accordingly brought suit, in her own name, within the time limited by the act. Before trial the declaration was amended by naming the parties entitled to the damages claimed. It appears to us that this is the correct interpretation of the act, and that the proceedings were regular. The suit was properly brought, in due time, by the widow, and the limitation had no application to the filing or subsequent amendment of the declaration."

As it is a joint action, there is a defect of parties plaintiff appearing upon the face of the complaint, which has not been taken advantage of by demurrer or by answer, and which has therefore been waiv-

ed. Section 488, subd. 6, and sections 498, 499, Code Civil Procedure. The rule in Pennsylvania is to allow an amendment when a mistake in the parties has been made inadvertently even upon appeal. In Weaver v. Iselin, 161 Pa. 386, 29 Atl. 49, upon the trial the defendant had asked the court to charge that, under the pleadings and evidence in the case, the verdict of the jury should be for the defendant, to which the court answered:

"As I understand that point, it is predicated, partly, at least, on the first section of the act of April 26, 1885. * * * Under our understanding of this act, we cannot affirm this point so far as it relates to this question. We believe the father has a right to maintain this action."

Upon the appeal to the Supreme Court that court said:

"We have no doubt as to the right of the plaintiffs to amend, in the manner proposed, even at this stage of the case. It appearing that the name of Susanna Weaver, wife of plaintiff George Weaver, was omitted from the record by mistake, and counsel having moved to amend by adding her name as one of the plaintiffs, it is ordered that the record be amended accordingly."

And then the judgment was affirmed. See, also, Kerr v. Penn. R. R. Co., 169 Pa. 95, 32 Atl. 96.

In Haughey v. Pittsburg Railway Co. (No. 2) 210 Pa. 367, 59 Atl. 1110, the widow and two children, by their next friend, were joined as coplaintiffs. The court held that the action should have been brought in the name of the widow as plaintiff, and it should have been averred in the statement that she and the two children were the parties entitled to the damages recovered in the action, and so quashed the appeal taken by the children, but said:

"Before another trial takes place, the plaintiff should amend the record and the statement, so that the pleadings will conform to the requirements of the act of 1855."

In Waltz v. Pennsylvania R. R. Co., 216 Pa. 165, 65 Atl. 401, the action was brought in the name of the father of a minor son. His surviving mother had not been joined. Upon the trial the court charged:

"We instruct you, if you find for the plaintiff, to find full compensation and damages, so far as it affects both parents, and you must say in your verdict that you so find."

The jury found:

"For the parents the sum of $1,446.56, total damages for the death of their son."

On appeal, counsel urged these points:

"The act of April 26, 1855 (P. L. 309), specifically states that the action shall be brought within one year after the death and not thereafter. The amendment was made more than a year after the statute of limitations had interposed. A new party was brought in thereafter. The name of a use plaintiff cannot be added to the record when the statute of limitations has barred the action as to him."

The Supreme Court held that in bringing the suit the act had been entirely disregarded. The action should have been brought jointly in the names of both parents, and the statement should have given the names of the parties who were entitled to the damages recovered, that neither of these requirements of the statutes had been complied with,

but that the error in bringing the action was cured by what had occurred at the trial, that the record was amended in fact, though not formally, on the trial, so that both parents were made plaintiffs, and that the case was tried and the verdict was rendered for both, on which a judgment was duly entered. "It is from this judgment, in favor of both parents, we have this appeal; and it is not apparent to us how we can reverse the judgment because the parents were not joined" in bringing the action and in recovering the judgment against the defendant.

[2] From these cases in the highest court of Pennsylvania, interpreting the statute of that state which gives the cause of action here sued upon and prescribes its limitations, we deduce the rule that, where a minor unmarried son is killed by the negligence of the defendant, a joint action to recover damages is given to his surviving parents, who must both join as parties plaintiff, and the action must be brought within one year, but that if the action is brought within the year, and by mistake or inadvertence the name of one of the parents is omitted from the title, the same may be amended after the expiration of the year, and this may be done even upon the trial, or in the Supreme Court upon appeal. It seems to us that we should follow the Pennsylvania courts in the interpretation of the statute of that state. The case is stronger for the plaintiff than those cited, because the complaint fully conforms to the statute. It avers the survivorship of both parents, names them, and alleges that they are the persons who have sustained and are entitled to the damages.

I think the amendment should be allowed. The relationship and interest of the mother, as already stated in the complaint, is not a new cause of action. The defense will be the same. The action was begun in time. As a joint action, one of the parties was inadvertently omitted from the title.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.