KLUCHNIK et al. v. LEHIGH VALLEY COAL CO.

(Circuit Court of Appeals, Second Circuit, December 14, 1915.)

No. 32.

1. DEATH ⬥29—ACTION FOR WRONGFUL DEATH—ABATEMENT AND REVIVAL—DEATH OF PARTY.

Act Pa. April 26, 1855 (Stewart's Purd. Dig. [13th Ed.] pp. 3241, 3243), provides that the persons entitled to recover damages for any injury causing death shall be the husband, widow, children, or parents of the deceased, and no other relative. This has been construed by the Pennsylvania courts as meaning that, if both parents are living, the action must be brought in the names of both. *Held* that, where an action for death occurring in Pennsylvania was brought by the father alone, and the defect of parties was not remedied during his life, there was no valid action pending after his death, and none could be revived in the name of the mother.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 33; Dec. Dig. ⬥29.]

2. DEATH ⬥29—ACTION FOR WRONGFUL DEATH—ABATEMENT AND REVIVAL—DEATH OF PARTY.

The father's administrator could not be substituted to carry on the suit, because no cause of action passed to him.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 33; Dec. Dig. ⬥29.]

In Error to.the District Court of the United States for the Southern District of New York.

Action by George Kluchnik against the Lehigh Valley Coal Company. On the death of plaintiff, Mary Kluchnik and Robert C. Lipman separately moved to revive the action, which motions were denied. Orders affirmed.

This cause comes here upon writ of error to review orders made respectively on November 11, 1914, December 30 and 31, 1914, and March 17, 1915, which resulted in a refusal on the part of the District Court to permit the revival and prosecution of an action to recover damages for the death of John Kluchnik which it is alleged was occasioned by the negligence of the defendant, in whose colliery at Pittston Junction, Pa., the said John Kluchnik was employed.

Rufus M. Overlander, of New York City (Herbert C. Smyth, of New York City, of counsel), for plaintiffs in error.

Allan McCulloh, of New York City (Clifton P. Williamson, of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge. The chronology of the important events here involved is as follows: John Kluchnik was the son of George and Mary Kluchnik and on June 24, 1913, being then 16 years of age, was in the employ of the defendant as a nipper and while so employed was killed by the alleged negligence of the defendant.

On August 1, 1913, George Kluchnik, the father of the deceased John Kluchnik, commenced a suit in the District Court for the Southern District of New York to recover damages in the sum of $25,000.

The complaint in this action alleged that John Kluchnik died intestate and left surviving the plaintiff, George Kluchnik, his father, Mary Kluchnik, his mother, and five brothers and two sisters. Issue was joined in this suit and the case was placed on the calendar for the October term of that year.

On June 4, 1914 George Kluchnik, the father and sole plaintiff in the action, died and the District Court granted an ex parte order substituting the widow, Mary Kluchnik, as plaintiff and directing that the action proceed in her name. Subsequently, after full hearing, the court vacated this order and directed that the cause be stricken from the trial calendar of the court. A motion was then made for an order reviving the action in the name of Mary Kluchnik, the surviving parent of John Kluchnik, deceased. This motion was also denied. A rehearing was denied.

A motion was then made for an order substituting Robert C. Lipman as administrator of the goods and chattels of George Kluchnik, deceased, as plaintiff and permitting him to serve an amended complaint and continue the action. This was also denied.

[1, 2] The question thus presented is whether a single parent of a person killed by negligence, the other parent being alive, may maintain alone an action against the person guilty of such negligence under the statutes of Pennsylvania. So far as applicable to this controversy the law, Act April 26, 1855 (Stewart's Purd. Dig. [13th Ed.] pp. 3241, 3243), is as follows:

"4. The persons entitled to recover damages for any injury causing death shall be the husband, widow, children or parents of the deceased and no other relative; * * * the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy without liability to creditors.

"5. The declaration shall state who are the parties entitled in such action; the action shall be brought within one year after the death and not thereafter."

We are not permitted to interpret these provisions as permitting either the father or the mother to commence the action because the Pennsylvania courts have construed the statute to mean that if both parents are living the action must be brought in the names of both. George Kluchnik, the sole plaintiff, died June 4, 1915. It was then sought to revive the action in the name of the mother. This was opposed on the following grounds, inter alia: First, that the action abated on the death of George Kluchnik, the father; second, that Mary Kluchnik was not entitled to be substituted as plaintiff. The motion to revive was denied and the action was dismissed on the ground that it had abated, the conditions upon which the statute permitted a revival not having been carried out. If the objection had been taken during the life of George Kluchnik, it might have been remedied, but when he died the action abated. There was no valid action then pending and none could be revived—it was dead. The father's administrator has no right to be substituted to carry on the suit because no cause of action passed to him. Waltz v. Penna. R. R. Co., 216 Pa. 165, 65 Atl. 401; Penna. R. R. Co. v. Zebe, 37 Pa. 420.

Controlled as we think we are by the decisions of the Pennsylvania courts construing one of their own statutes, we see no escape from the proposition that the action in the name of the father, George Kluchnik, alone could not be maintained. No effort was made to correct the situation until after George's death; it was then too late, all rights under the statute were forfeited.

Our attention has been called to Reardon v. Balaklala Copper Co. (C. C.) 193 Fed. 189, but we do not consider it controlling for the reason that it deals with an entirely different statute. It was an action to recover of an employer for the death of an employé under section 1970 of the Civil Code of California which provides that such an action may be maintained in the name of the legal representatives of the deceased employé for the benefit of the next of kin in a prescribed order of precedence. The father brought the suit in his own name, within the time limited by law. The court held that he should have brought it as administrator and, having been appointed administrator in the meantime, the court permitted him to file an amended complaint as administrator, holding that a change in the capacity in which the plaintiff sued was not the commencement of a new suit and that the amendment might properly be allowed. These facts are not analogous to the present situation. Here George Kluchnik, the sole plaintiff died; the statute did not permit him to bring the action alone and when he died nothing was left to revive. In the California case the court permitted a party to change the capacity in which he sued, but did not permit the revival of a cause of action which had expired by operation of law.

The orders are affirmed.