ANTHONY CHSAITIS, as Administrator, etc., of JOHN CHSAITIS, Deceased, Respondent, *v.* LEHIGH VALLEY COAL COMPANY, Appellant.

Second Department, November 10, 1916.

Pleading — negligence — action to recover for death in State of Pennsylvania — amendment of summons and complaint so as to create new cause of action after Statute of Limitations has run — conflict of laws — Pennsylvania statute regulating suits to recover for death caused by negligence.

Where an infant was injured in the State of Pennsylvania by the negligence of his employers and died without having brought action, and thereafter his father having been appointed administrator brought an action to recover for the death within one year, which action could not

be brought by an administrator under the law of Pennsylvania, but should have been brought within one year after the decedent's death by those persons entitled to damages therefor under the Pennsylvania statute, the court, after the death of the father who sued only as administrator, and after a year has elapsed since the death of the decedent, has no power to amend the summons and complaint in the former action by striking out the words indicating that the action was brought in a representative capacity, and by adding as a party plaintiff the mother of the decedent, individually and as administrator of her deceased husband's estate. The effect of such amendment is to substitute a new cause of action upon which the Statute of Limitations has run for the former action brought by the deceased administrator without authority of law.

APPEAL by the defendant, Lehigh Valley Coal Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 14th day of March, 1916, as resettled by an order entered in said clerk's office on the 30th day of March, 1916, granting plaintiff's motion to amend his summons and complaint *nunc pro tunc.*

*Clifton P. Williamson* [*Edward W. Walker* with him on the brief], for the appellant.

*Ralph G. Barclay* [*Robert Stewart* with him on the brief] for the respondent.

THOMAS, J.:

It appears for present decision that John Chsaitis, an infant, injured in Pennsylvania by the negligence of his employers, died without having brought action therefor. Anthony Chsaitis, as administrator of his son John, brought this action within a year after the death, the statutory period for doing so, but died after the expiration of the year. The complaint alleges that under a statute of Pennsylvania the parents, Anthony and Frances Chsaitis, are entitled to recover damages for the death, and such is the statute of that State, enacted in 1855 (Laws of Pennsylvania, p. 309, No. 323, as amd. by act of June 7, 1911, Laws of Pennsylvania, p. 678). By an earlier statute (Laws of 1851, April 15, pp. 669, 674, No. 358, § 19) it was provided that the " personal representatives " may bring the action, but it has been decided that

persons entitled to damages are the proper parties to bring the action. (*Birch* v. *Pittsburg, C., C. & St. L. Ry.*, 165 Penn. St. 339.) In view of that decision Anthony Chsaitis as administrator of his son had no cause of action, and at his death no action had been begun by him individually or by Frances, the mother. The one year had expired, and then no one had a cause of action. Nevertheless, the court has ordered that the summons and complaint be amended as of the commencement of the action by striking from the title thereto the words "As administrator of the estate of John Chsaitis, deceased," and adding as a party plaintiff "Frances Chsaitis, individually, and as administrator of the Estate of Anthony Chsaitis." In other words Anthony Chsaitis, although dead as an individual, is made a plaintiff as if he were living, then Frances as his administratrix is substituted for him and at the same time added in her individual capacity. The result of such interpolation is that Frances, who never brought an action, has now brought one, commenced in March, 1915, and escaped the statutory condition precedent that the action must be brought within one year after the decease of the son, and Anthony after his death is deemed to have done the same thing. So several fictions dislodge realities. The plaintiff's position is that the plaintiff during Anthony's life, by order of the court, could have been converted from an administrator into an individual. Hence, the same thing may be done after Anthony ceased to be either an individual or an administrator, and thereupon Frances as his administrator substituted for him as a plaintiff, although Anthony never was plaintiff save as the order in course of its making had him so after he was dead, and then only by theoretically stripping him of his former office and vesting him with expired personal rights of action. But it is said that Anthony had vested property rights in the damages, and that his administratrix may be substituted to enforce them. Let that be conceded. The administratrix can continue only an action begun by her decedent, Anthony. He never began this action, and dead, cannot be vitalized and individualized to continue it. It has been decided that a person who in his representative capacity brings an action which he may maintain only as an individual, may be transferred from an official

to his personal capacity. But in that case there is an existing being capable of the metamorphosis, so that the court can say, " Let Anthony Chsaitis, actually before the court as administrator, become Anthony Chsaitis in his own right." Here there is no plaintiff *in esse*, and the court has merely said that somebody, who was but is not, shall be deemed living for the purpose of becoming the party plaintiff, and then recognized as dead so that his administratrix may be brought in to continue an action her decedent never brought, and which she cannot bring on account of the expiration of the year. But it is answered that the cause of action belonged *in solido* to her and Anthony, and that as Anthony brought the action she could be added even after the lapse of the year, and for this is cited *Benyak* v. *Lehigh Coal & Navigation Co.* (166 App. Div. 829). But there an action was pending in the name of a person who, living, had a cause of action in which the party added had a share. Here the associate party plaintiff had not brought the action; an administrator having no cause of action had brought one and died without being made a proper party plaintiff. By what reasoning can it be concluded that any one was ever plaintiff in this action so as to be a party representing the conjoint owners of the cause of action? Or, if that can be imagined, it is not the fact that when Frances was brought in there was in existence any such action. The present question falls within *Kluchnik* v. *Lehigh Valley Coal Co.* (228 Fed. Rep. [C. C. A., 2d Cir.] 880).

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

JENKS, P. J., STAPLETON, MILLS and PUTNAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.