## ROMAN v. LEHIGH VALLEY COAL CO.

(District Court, E. D. New York. April 2, 1917.)

1. DEATH ⬤➔8—ACTION FOR CAUSING—STATUTE—DEATH IN ANOTHER JURIS-DICTION.

Code Civ. Proc. N. Y. § 1902, giving the administrator of a decedent a cause of action for negligence which caused the death, does not include a cause of action vested in individuals residing in another state, where the death occurred.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 12, 36, 52, 121, 133.]

2. DEATH ⬤➔11—ACTION FOR CAUSING—PARTIES—STATUTE.

Under Act Pa. April 15, 1851 (P. L. 674), giving the widow of a person killed in the state a cause of action for death, and Act April 26, 1855 (P. L. 309) § 1, providing that the husband, widow, children, or parents of deceased should be entitled to recover damages for the death, and that the sum recovered was to be shared with the children in the proportion in which they would take a personal estate in the case of intestacy, and Anthracite Mining Law, art. 17, § 8, giving a right of action to the widow and lineal heirs, which have been construed to vest the cause of action in the widow, but for the benefit of the persons entitled thereto, the cause of action vested directly in the persons entitled, and is not a derivative action arising from injury to the estate by the loss of a cause of action which would have been vested in decedent, had he survived.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 10, 15.]

3. DEATH ⬤➔44—ACTION FOR CAUSING—PARTIES—SUBSTITUTION.

Where a New York administrator had brought an action in the courts of that state against a Pennsylvania corporation for the death of an alien occurring in Pennsylvania, the loss of which required the action to be brought by the widow for the benefit of herself and children, and the action had been removed to the federal court, where it was still pending and unabated, a motion to substitute the widow as plaintiff on behalf of herself and the minor children should be granted, though, if the action had abated by the death of the administrator after the expiration of the time within which an action could have been brought, the widow could not be substituted as plaintiff.

4. REMOVAL OF CAUSES ⬤➔111, 112—WAIVER—JURISDICTION OVER THE PERSON.

Where defendant appeared in an action in the state court, and removed it on the ground that defendant was a foreign corporation, and thereafter answered in the federal court, it has waived any right to object to the service of process, or to the maintenance of the action in the United States court, if that court has jurisdiction over the subject-matter of the cause of action.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 237-239.]

5. COURTS ⬤➔325—JURISDICTION—WAIVER—SUBSEQUENT KNOWLEDGE.

A defendant, who removed an action against him by a citizen of the state in which the action was brought and answered to the merits, waived jurisdiction over his person so long as plaintiff was a citizen of that state; but, when an alien was substituted as plaintiff, defendant then had a right to withdraw his answer and interpose a plea to the jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 884.]

6. COURTS ⬤➔325—WAIVER—JURISDICTION OF COURT—ALIEN.

Where, after the original complaint had been amended, so as to show that an alien, instead of a citizen of another state, was the proper plain-

tiff, defendant answered to the merits, without attempting to plead lack of jurisdiction, it thereby waived the objection to the jurisdiction of the federal court over an action by the alien against it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 884.]

At Law. Action by Joseph Roman, as administrator of Matthew Lozowski, deceased, against the Lehigh Valley Coal Company. On motion of plaintiff and Victa Lozowski to amend the pleadings and title, by substituting the said Victa Lozowski, on behalf of herself and her infant children, as plaintiff. Motion granted.

James Burke, Jr., of New York City, for plaintiff.
Alexander & Green, of New York City, for defendant.

CHATFIELD, District Judge. This action was instituted in the state court by Joseph Roman, a brother of the widow above named, as administrator of the estate of his deceased brother-in-law, who was an alien residing in the state of Pennsylvania, and who was killed in Pennsylvania upon the 13th day of February, 1911. The record shows that he left surviving a widow and three children, 19, 17, and 6 years of age. These children are citizens of the United States, having been born in Pennsylvania, where they have lived with their mother up to the present time. Letters of administration were taken out in Kings county by the brother-in-law, and, so far as we are concerned with their effect, the property which he sought to administer was the cause of action arising from the brother-in-law's death.

Under the laws of New York a cause of action for death vests in an administrator or personal representative. In Pennsylvania, under the law of 1851 (Act April 15, 1851 [P. L. 674]), a cause of action for death was given to the widow of a person killed in the state. In 1855, a statute (section 1, P. L. 309; Act April 26, 1855) was passed providing that the husband, widow, children, or parents of the deceased should be entitled to recover damages upon a cause of action such as that just referred to, and that the sum recovered is to be shared with the children in the proportion in which they would take a personal estate in the case of intestacy. In the case of Haughey v. Pittsburg Ry. Co., 210 Pa. 367, 59 Atl. 1110, it was held that the act of 1855 did not amend the law of 1851, and that a cause of action vested only in the widow, who would be considered as trustee for the proper distribution of such sum as might be recovered.

It is unnecessary to discuss these propositions, as the law of Pennsylvania was settled by the Haughey decision, and the rights of children citizens given by the law of 1855 would be controlled by the rights of their alien parent. Subsequently section 8 of article 17 of the Anthracite Mining Law, by the amendment of 1891 (P. L. 1891, p. 207), gave a right of action to the widow and lineal heirs of the deceased, in the case of death arising from acts covered by the mining law. Following the reasoning of the Haughey Case, the cause of action then vested only in the widow, but for the persons who were declared by the mining law to be entitled to the recovery.

The defendant appeared generally and removed the action instituted by Joseph Roman, as administrator, into the United States court, upon

papers alleging that the plaintiff was a resident of New York and the defendant a resident of the state of Pennsylvania. The defendant then interposed an answer, in which it generally denied liability, charged contributory negligence on the part of the deceased, as well as the negligence of fellow servants of the deceased. This answer also denied the allegations of employment, and would seem to deny the allegation of death. It admits the residence of the defendant in the state of Pennsylvania and its control over the mine in which the accident occurred.

Later an amended complaint was served, which did not change any other matters with which we have to do, but set up certain provisions of the laws of Pennsylvania, and then proceeded to allege that the negligence of the defendant damaged the estate of the deceased and his heirs and next of kin in the sum of $25,000. It was also alleged that the plaintiff's intestate left him surviving a widow and heirs and next of kin and other persons entitled to a distributive share of his estate under the laws of descent and distribution of Pennsylvania and New York.

The defendant's answer to the amended complaint repeated the denials stated in the original answer, except that it was admitted that the deceased had been employed by the defendant as a miner in the designated mine and that he had received the injuries causing his death therein. The allegations relating to fellow servant were omitted and the case came to trial. The defendant moved for dismissal of the cause of action, as soon as the jury had been sworn, and before the plaintiff opened his case. This motion was based upon the allegation that the plaintiff described himself in the complaint as administrator and did not say that he was a citizen of New York. This objection was overruled, upon the ground that the administrator appointed in this county was necessarily in his legal capacity a citizen of New York, and the defendant then moved to dismiss on the ground that an administrator in New York could not maintain an action based upon the death of a resident of Pennsylvania, where the death occurred in Pennsylvania, and where the defendant was a citizen of that state.

[1, 2] It is apparent that the action granted by section 1902 of the Code of Civil Procedure of New York could not include a cause of action vested in individuals residing in Pennsylvania. The theory of the New York statute is that the estate—that is, the claim—is present within the jurisdiction of the laws of New York. The theory of the Pennsylvania statute is that a cause of action vests directly in the persons entitled. It is not a derivative action, arising from injury to the estate by the loss of the cause of action which would have been vested in the decedent, if he had survived the accident. Nor is it a mere statutory statement or enactment of the contract obligation to answer for damage to the estate through the injury or death of the individual. This distinction is now well settled throughout the United States, following the decisions of the English courts with reference to Lord Campbell's Act.

[3] As was held in Chsaitas v. Lehigh Valley Coal Co., 174 App. Div. 600, 161 N. Y. S. 665 (App. Div. 2d Dept., 1916), an action by an

administrator is not the same as an action by the person entitled in his own name. Alessandrelli v. Arbogast (D. C.) 209 Fed. 126; Alexander v. Wilkes-Barre Ry. Co. (D. C.) 235 Fed. 461. In the Chsaitas Case the court, however, held in effect that the maintenance of an action by an administrator could not be taken advantage of after his death by the individuals actually entitled, even though the action by the administrator had been instituted in accordance with New York law. The court held that the action by the individuals, even though instituted according to New York law, depended upon a cause of action granted by the laws of Pennsylvania, and that the cause of action had been lost by the abatement of the action which had for a time been pending.

But the case of Spokane & Inland R. R. v. Whitley, 237 U. S. 487, 35 Sup. Ct. 655, 59 L. Ed. 1060, L. R. A. 1915F, 736, holds that suit by an administratrix in Tennessee, who claimed a cause of action for death to be part of the decedent's estate, and who therefore brought suit in the state of Washington as such administratrix, and recovered judgment against the railroad company (which appeared and contested the merits of the action, without raising the question of jurisdiction), did not furnish a valid objection to the maintenance of an action by a mother, who (under the laws of Idaho, where the death occurred) was entitled to one-half the cause of action or the damages recovered. The court held that the persons entitled to sue were those actually made beneficiaries. To the same effect is Keystone Coal & Coke Co. v. Fekete, 232 Fed. 72, 146 C. C. A. 264.

In the present case the persons actually entitled to sue are, under the coal mining law of the state of Pennsylvania, the widow, for herself and the lineal heirs of the deceased. Where a representative is entitled to sue, he is only a trustee for the heirs, and "when suit is duly brought by the trustee under such a statutory trust, it is a necessary and conclusive presumption that the trust will be executed and that the rights of the beneficiaries as fixed by the statute which created the obligation will be recognized by all courts before whom the question of distribution may come. Dennick v. Railroad Co., 103 U. S. 11, 20, 26 L. Ed. 439. It follows necessarily that, if the administratrix has authority to sue on behalf of the heirs, and if the administratrix recovered a judgment as trustee by virtue of that authority, that the judgment would be a bar to an action by the heirs. "The personal representative is not entitled to recover, unless it be shown that the designated beneficiaries have sanctioned the bringing of the action." Spokane Inland R. R. v. Whitley, supra.

In Kluchnik v. Lehigh Valley Coal Co., 228 Fed. 880, 143 C. C. A. 278, the court did not pass upon the possibility of bringing in an additional party or of substitution of one party for another in an action pending at the time, citing Reardon v. Balaklala Consol. Copper Co. (C. C.) 193 Fed. 189. In the Kluchnik Case the action had abated before any attempt to amend was made, and the statute of limitations had also run before this time. That situation was the same as was presented in the Chsaitas Case, supra, and differs from Benyak v. Lehigh Coal & Navigation Co., 166 App. Div. 829, 152 N. Y. Supp. 329, in a similar way.

[4] In the present action the parties are alive and the action is pending unabated. In so far as it can be considered a cause of action given by the Pennsylvania statute, it was brought in New York because of a misunderstanding of the meaning of the New York law, which gives the cause of action to the personal representatives, where the death occurred in the state of New York. Under these circumstances the action was brought in the state court. The defendant appeared and removed upon the ground that it was a foreign corporation. No special appearance was made; the answer denied liability, alleged the act of a fellow servant, and set up the defense of contributory negligence. The amended complaint and answer to the amended complaint do not alter the situation. The defendant has therefore waived any right to object to the manner of service of the process by which the action was started. He has waived the right to object to the maintenance of the action in the United States court, provided the court has jurisdiction over the subject-matter of the cause of action. Lehigh Valley Coal Co. v. Yensavage, 218 Fed. 547, 134 C. C. A. 275; Lehigh Valley Coal Co. v. Washko, 231 Fed. 42, 145 C. C. A. 230.

[5] The defendant, has waived the right to object to the jurisdiction of the court over the person of the defendant, so long as the plaintiff is a citizen of the state of New York. But under the decision in the Washko Case, supra, as well as in the Yensavage Case, supra, the defendant has the right to raise any issue as to citizenship, when the fact first becomes known to the defendant. If it should appear that the plaintiff was an alien, the defendant then has the right to stop the trial, withdraw his answer, interpose a· plea, require a summary hearing upon the plea, and, if his plea be overruled, or decided against him, the defendant has the right to take an exception, and, under compulsion from the court, proceed to try the case upon the merits, without further waiver of his rights, if it ultimately appears that the court had no jurisdiction to do anything in the case.

[6] In the case at bar the original plaintiff was a resident of New York and a citizen of that state. The moment the complaint was amended, it appeared that the wife and children had some interest, and that the administrator had no separate cause of action. The amended answer made no attempt to withdraw the general appearance of the defendant, or to plead lack of jurisdiction of this court. The defendant knew that the minor children were citizens and residents of Pennsylvania. The defendant knew that, if the mother was a citizen, this court would have no jurisdiction over the cause of action between citizens of Pennsylvania, nor could such jurisdiction be conferred by consent. But if the mother should prove to be an alien, then under the Washko and Yensavage Cases, the defendant was bound to object to jurisdiction and·withdraw its general appearance at once. As was said in the Yensavage Case, she was presumed to be an alien, as the wife of an alien employé of the defendant. But the defendant, which had been also the defendant in the Yensavage and Washko Cases, did not then realize the necessity of immediately acting on its knowledge that the person really entitled to maintain the suit was an alien, and did not object to being sued in this district. It answered on the merits as to

the accident, and did not urge the obvious defense that an administrator had no such cause of action. This is no ground for criticism, and was within the defendant's rights, but was a waiver of objection to suit in this district, if the suit could be taken advantage of by the widow, as held in the Spokane R. R. Case, supra.

It is necessary to hold, therefore, that the motion for substitution of party plaintiff and to further amend the complaint should be granted, as the right to object to jurisdiction over the defendant in this district, for the cause of action given by the Pennsylvania statute, has been waived. If the children were plaintiffs, or if the children and their mother were the persons entitled to bring the action (assuming that the minor children could sue in propriis personis), it would be proper to remand the case to the state court, which might have jurisdiction over a suit brought by nonresidents against a defendant, if the defendant were properly brought into court, whether the nonresident plaintiffs be citizens or aliens, and whether they be inhabitants of the same state as the defendant or not.

But the children are minors, and by the law of 1851 the cause of action should be alleged as vested in the mother, if she be living. The effect of section 8 of article 17 of the Mining Law is to specify those entitled to share in distribution, and under the Haughey Case, supra, does not change the enactment that the suit shall be brought in the name of the mother.

The present plaintiff, the mother, an alien, can sue the defendant in this district, when the defendant has failed to plead an objection to jurisdiction over the defendant and over the cause of action upon service of the amended complaint, and has expressly removed the case into this court, where such waiver gives the court the right to hear the case.

The objection to the motion to amend the complaint will be overruled, and the motion to amend granted.