LEHIGH VALLEY COAL CO. v. LAZUASKINE.

(Circuit Court of Appeals, Second Circuit. January 15, 1919.)

No. 113.

COURTS ⊂⇒325—JURISDICTION OF FEDERAL COURT—WAIVER OF OBJECTION—
SUBSTITUTION OF PLAINTIFFS.

Filing of an answer by defendant, a Pennsylvania corporation, in an action in a federal court in New York by an administrator, who was a citizen of New York, *held* not a waiver of the right to object to the jurisdiction, where the court over its objection permitted the substitution of a different plaintiff, who was an alien resident of Pennsylvania.

In Error to the District Court of the United States for the Eastern District of New York.

Action at law by Victa Lazuaskine against the Lehigh Valley Coal Company. Judgment for plaintiff, and defendant brings error. Reversed.

For opinion below, see 241 Fed. 595.

Allan McCulloh, of New York City (William W. Green and Edw. W. Walker, both of New York City, of counsel), for plaintiff in error.

James Burke, Jr., of Port Richmond, N. Y., for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge. Although this writ brings up the whole record of a trial, in an action for death by wrongful act, we shall consider only the question of jurisdiction.

One Roman, as administrator of Lazuaskine, deceased, brought action in the state court, showing that decedent came to his death in Pennsylvania, and claiming damages pursuant to the statute of that state. Roman is a citizen and resident of New York, and defendant, being a corporation of Pennsylvania, removed the case. No objection was made to jurisdiction, and none existed.

The case was reached for trial, and after a jury was impaneled, it was pointed out that Roman, as administrator, had no cause of action, because by the Pennsylvania statute, since Lazuaskine left him surviving a widow, all right of suit had vested in her as such widow. Thereupon counsel moved to substitute the widow as plaintiff, and amend the pleadings to conform, which motion was opposed by defendant. At this, the court of its own motion called the widow, Victa Lazuaskine, as a witness, who swore that she was an alien and a resident of Pennsylvania, that her deceased husband also had been such resident and an alien, and that Roman's suit had been brought with her knowledge and consent, and for the benefit of herself and children by the decedent. It also appeared that Roman had procured letters of administration, in Kings County, N. Y., on the estate of the alien resident of Pennsylvania.

Thereupon the court caused a juror to be withdrawn, terminated the trial, considered the motion for substitution and amendment, and

some days later granted it. Due objection and exception to all these acts of the court appear in the bill of exceptions.

A repleader was then had, and an amended complaint served, in the name of Victa Lazuaskine, as plaintiff, to which defendant answered, "saving and reserving to itself any and all manner of objections" theretofore taken to the "power or jurisdiction" of the court to "direct the substitution of Victa Lazuaskine," and without "waiving its right to object to the maintenance of this action by said "Victa Lazuaskine."

The issue thus framed by amended pleadings having been called for trial, defendant repeated all its former objections to the action of the court, again excepted to unfavorable rulings, and further objected "to the impaneling of a jury or proceeding with the trial * * * on the further ground" that Victa Lazuaskine was shown by the amended pleadings to have been, "at the time when the action was commenced and at the time of the substitution," an alien and a resident of Pennsylvania. This was overruled, and exception noted. The trial proceeded, plaintiff had a verdict, and defendant brought this writ.

That Roman, as administrator, had no right to sue, is too plain for argument. Haughey v. Pittsburgh Co., 210 Pa. 367, 59 Atl. 1112. To be sure, the court had, or might have had, jurisdiction over the subject-matter of a claim for death by wrongful act, arising under a Pennsylvania statute; but it does not follow therefrom that all other limitations on jurisdiction were to be disregarded. It was thought below that our decisions in Lehigh, etc., Co. v. Yensavage, 218 Fed. 547, 134 C. C. A. 275, and Lehigh, etc., Co. v. Washko, 231 Fed. 42, 145 C. C. A. 230, justified a holding that because defendant, when answering Roman's complaint, had raised no objection to jurisdiction, therefore it committed "a waiver of objection to suit in this district." But there was no valid objection to jurisdiction over Roman's claim; the obvious objection to his recovering anything had nothing to do with jurisdiction.

If evidence had shown a previously unsuspected right in defendant to avoid suit in the District Court by Roman, it would then have been incumbent on defendant to ask leave to withdraw its general appearance, and assert its newly discovered right, because the privilege of suit in a defendant's own district may be waived by appearance without reservation of rights. Such was our ruling in the cases cited, but we fail to find in them anything to the effect that a general appearance to the complaint of one plaintiff waives all right not to be sued by another plaintiff.

Such is the result of the holding complained of. Having failed in its endeavor to prevent the substitution of the widow, defendant was ordered to plead to that widow's complaint; it complied, saving all rights created by its motions, objections, and exceptions, made and taken as soon as the record contained any notice or knowledge of the facts on which alone it could act; and when the widow's case came on for trial the same objections, etc., were again presented, counsel stating on the record: "We appear specially, for the purpose of raising these objections and taking an exception." Short of refusing to try on

the merits at all, it is difficult to see how the points could have been more acutely exhibited. That no defendant is required to go to such lengths is admitted.

It being clear that the District Court for the Eastern District of New York has no jurisdiction of this suit by an alien resident of Pennsylvania against a Pennsylvania corporation, it was error to create such a suit. For this reason, the judgment is reversed, and the cause remanded, with directions to vacate the order of substitution and grant a new trial.

As to the propriety of the substitution, aside from its effect on jurisdiction, we express no opinion.