## Tavani, Appellant, v. Swift & Company.

*Negligence—Food — Diseased meat — Reasonable precautions— Trichinæ—Evidence—Case for jury—Verdict for defendant.*

1. A dealer who sells meat for human consumption is not liable in damages for selling diseased meat if he proves that there was no negligence in such sale.

2. In an action to recover damages for injuries sustained in consequence of eating pork infected with trichinæ, it is a complete defense for defendant to prove that the presence of these parasites cannot be detected with certainty by any process known to science, that the United States Government omits inspection to detect such parasites because of the danger of leading the public to a false sense of security, and that the practice in other establishments is to make no such inspection.

Catani v. Swift & Co., 251 Pa. 52, distinguished.

Argued May 28, 1918. Appeal, No. 165, Jan. T., 1917, by plaintiff, from judgment of C. P. Luzerne Co., Feb. T., 1911, No. 547, on verdict for defendant, in case of Louis Tavani v. Swift & Company. Before BROWN, C. J., MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for injuries resulting from eating infected pork sold by defendant.  Before STRAUSS, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon.  Plaintiff appealed.

*Errors assigned* were rulings on evidence and instructions to the jury.

*Rush Trescott,* for appellant.—It was negligence on the part of the defendant to sell the meat in violation of the Pure Food Law of May 13, 1909, P. L. 520, and such unlawful sale was negligence per se: 5 Thompson on Corporations, Sec. 6352; McCully v. Clarke & Thaw, 40 Pa. 399; West Chester & Philadelphia Railroad Company v. McElwee, 67 Pa. 311; Lenahan v. Pittston Coal Mining Company, 218 Pa. 311; Valjago v. Carnegie Steel Company, 226 Pa. 514; Drake v. Fenton, 237 Pa. 8; Stehle v. Jaeger Auto Machine Co., 225 Pa. 348; Catani v. Swift & Company, 251 Pa. 52.

*Charles B. Lenahan,* with him *Frank L. Horton,* for appellee.—As the evidence showed that the presence of the trichinæ could not be discovered by inspection, the defendant was not liable.

OPINION BY MR. JUSTICE FRAZER, July 17, 1918:

This action in trespass is to recover damages for illness alleged to have resulted from plaintiff's eating pork sold by defendant which, it is averred, contained a parasite known as trichinæ.  The case grew out of facts quite similar to those forming the basis of the action in Catani v. Swift & Company, 251 Pa. 52.  The trial judge submitted to the jury the various questions of fact involved and a verdict in favor of defendant was rendered.  From the judgment entered thereon plaintiff appealed.  The contention of appellant is that defendant, having ad-

mitted no inspection was made for the purpose of discovering the presence of trichinæ in the meat, and also having failed to comply with its common law and statutory duty to sell only wholesome meat fit for food, it was guilty of negligence; in other words, that a breach of the implied warranty of wholesomeness was negligence per se and warranted a recovery.

To establish its freedom from negligence defendant produced evidence to the effect that parasites, known as trichinæ, are invisible to the naked eye and can be discovered only by microscopic inspection; that such inspection is untrustworthy and does not in all cases give assurance that the particular meat inspected and approved is free from parasites; that no system of inspection is known to science by which the presence of trichinæ can be detected with certainty in all cases and that the only sure method of eliminating the danger is to thoroughly cook the meat at a temperature of at least 140 degrees, whereby the harmful parasites are destroyed and the meat rendered wholesome and fit for food.

Defendant also showed, under objection and exception, that, for the reasons above stated, the United States government concluded an attempt to inspect all pork for trichinæ would result in more danger to the public than no inspection, for the reason knowledge on the part of the public that an inspection had been made would lead to a false sense of security and induce consumers to omit taking proper precautions to avoid danger by thorough cooking. Further evidence was introduced, also under objection and exception, to show the practice in other packing establishments was to make no inspection for trichinæ.

Notwithstanding the production of this evidence, plaintiff contends defendant has not met the burden imposed upon it requiring proper precaution to ascertain whether or not the meat it sold was fit for food within the rule laid down in Catani v. Swift & Company, supra. In that case we held plaintiff made out a prima facie

case by proving pork sold by defendant was diseased and caused the injury complained of, without offering affirmative evidence to show defendant was aware the article sold was unwholesome and unfit for food and the prima facie case thus made out was not overcome by mere evidence on part of defendant showing the meat had been duly inspected by the United States government; but . the common law duty of defendant to sell wholesome food remained, notwithstanding the federal inspection regulation. Defendant there relied solely on the fact of inspection by the federal government and for that reason the judgment for defendant non obstante veredicto was reversed, and judgment entered on the verdict for plaintiff. In the present case defendant went further and showed, in addition to the general inspection by the federal authorities, that the government did not inspect for the purpose of discovering trichinæ, but recognized that no method of examination known to science was adequate to assure satisfactory results and therefore deemed it wise to omit altogether inspection for that parasite, and thus avoid misleading the public to rely upon the certificate of inspection. It was also shown that, apparently for the same reason, a custom existed in other packing houses to omit attempting to discover the presence of trichinæ by inspection. The action being in trespass for negligence and not for breach of warranty, the evidence was competent and sufficient to sustain the conclusion of the jury that defendant omitted no precaution or duty it owed plaintiff.

While there are numerous assignments of error, they relate principally to the admission of evidence and to parts of the charge and, as the correctness of the action of the court below depends chiefly upon the disposition of the main question in the case, consideration of the assignments separately becomes unnecessary.

The judgment is affirmed.