## Simone v. John J. Felin and Company et al. No. 2

*Robert M. Bernstein,* for plaintiff.

*Mancill & Shallow,* and *P. F. Newman,* for defendants.

LEVINTHAL, J., June 21, 1939.—The facts in the present case are, with one important exception, substantially the same as those in Simone v. John J. Felin & Co. et al., decided herewith [p. 645]. This action was brought under the death statute by the parents of Margaret Simone, who, it is alleged, died as a result of eating the infected pork. Jennie Simone, the mother plaintiff, was the one who had purchased the pork from the retailer.

The issue here is whether an action in assumpsit for breach of warranty may be brought under the Pennsylvania death statutes to recover damages ensuing from a death caused by eating infected food.

The Act of April 15, 1851, P. L. 669, sec. 19, 12 PS §1601, created a right of recovery for deaths "occasioned by *unlawful violence or negligence*". The Act of April 26, 1855, P. L. 309, sec. 1, 12 PS §1602, which designated "the persons entitled to recover damages for *any injury causing death*" (italics supplied), was intended merely to effect a change in the parties who might sue. "In other respects, there does not appear to be any express or im-

plied repeal or modification . . . of the act of 1851": Birch et al., Execs., v. Pittsburg, Cincinnati, Chicago & St. Louis Ry., 165 Pa. 339, 346 (1895). The cause of action rests still upon unlawful violence or negligence. See Staggers v. Dunn-Mar Oil & Gas Co., 312 Pa. 269, 272 (1933).

Plaintiffs, however, have chosen to plead upon a contract theory and allege no negligence or violence. What they have sought to do does not lie within the contemplation of our death statutes. Because the proceeding is in assumpsit rather than in tort, plaintiff's claim may perhaps be more easily proved and may be subject to fewer defenses. See Tavani v. Swift & Co., 262 Pa. 184, 187 (1918), West v. Katsafanas, 107 Pa. Superior Ct. 118, 122 (1932), and opinion filed herewith in Simone v. John J. Felin & Co. et al., p. 645. But with the possibility of those benefits must flow the burden of procedural propriety. The right to bring the action in assumpsit is vested in the decedent's administrator by the Act of July 2, 1937, P. L. 2755, 20 PS §772, which affords ample opportunity for relief. The death statute is inapplicable.

Variations in the death statutes of different jurisdictions render inapposite several decisions elsewhere which might appear to permit this present action. See Greco, Admr., v. S. S. Kresge Co., 277 N. Y. 26 (1938), and the discussion in Tiffany, Death by Wrongful Act (2d ed., 1913) 21, sec. 18. The New York Decedent Estate Law, Laws of N. Y. 1909, ch. 18, is broader than ours, allowing suit for deaths caused by "a wrongful act, neglect or default". "A wrongful act or default" may quite validly be construed to include a suit like the present one. The British statute, Lord Campbell's Act of August 26, 1846, 18 Eng. Stat. at L. 291, under which many of the cases cited by Tiffany, supra, arose, is phrased identically with the New York statute. The Pennsylvania acts obviously have a more confined scope. See 3 U. of Pitts. L. Rev. 362, 365 (1937).

The questions of law raised by defendants' statutory demurrers, insofar as they are concerned with the death statute, are resolved in favor of defendants, John J. Felin & Co. and Alfonse Parisse.